**UNITED STATES of America, Appellee,**

v.

**James Rockwell EADES, Appellant.**

**No. 14183.**

United States Court of Appeals, Fourth Circuit.

Argued June 2, 1970.

Decided Aug. 5, 1970.

George L. Fitzgerald, Charlotte, N. C. (Court-appointed counsel), for appellant.

Bruce B. Briggs, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on the brief), for appellee.

Before SOBELOFF and WINTER, Circuit Judges, and LEWIS, District Judge.

PER CURIAM:

■ James Rockwell Eades appeals his conviction of willful failure to submit to induction in the armed forces of the United States in violation of 50 U. S.C.App. § 462. Eades argues that he was unlawfully denied I-O classification as a conscientious objector solely because he did not claim belief in a Supreme Being. Since the Board turned him down without assigning any reason, we cannot assume that it had an alternative valid ground for denying the classification. United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970). We therefore reverse in light of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

■ Section 6(j) of the Military Selective Service Act of 1967 exempts from combat training and service in the armed forces any person who "by reason of religious training and belief, is conscientiously opposed to participation in war in any form." 50 U.S.C. App. § 456 (j). In *Welsh, supra,* the Supreme Court made clear that section 6(j) does not require belief in a Supreme Being, that to qualify as "religious" under that section a registrant's opposition to war need only stem from "moral, ethical, or religious beliefs about what is right and wrong * * * held with the strength of traditional religious convictions." Id.

at 340, 90 S.Ct. at 1796. Eades has made a prima facie case for conscientious objection under *Welsh* by indicating to the Board his opposition to "the use of force in any situation." His request for I-O classification should not have been denied because of his disclaimer of conscientious objection based on belief in a Supreme Being.

■ The United States argues that the defendant is barred from raising this defense because he failed to exhaust administrative remedies. It is true that Eades did not appeal from his classification as I-A by the local Board. However, this case cannot be distinguished from McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969.). In each case all administrative remedies were closed at the time of trial, the defense based on construction of the statute was essential to the defendant's case, and there was no disputed issue other than that of statutory construction.

> The resolution of that issue does not require any particular expertise on the part of the appeal board; the proper interpretation is certainly not a matter of discretion. In this sense, the issue is different from many Selective Service classification questions which do involve expertise or the exercise of discretion, both by the local boards and the appeal boards. Petitioner's failure to take his claim through all available administrative appeals only deprived the Selective Service System of the opportunity of having its appellate boards resolve a question of statutory interpretation. Since judicial review would not be significantly aided by an additional administrative decision of this sort, we cannot see any compelling reason why petitioner's failure to appeal

should bar his only defense to a criminal prosecution. Id. at 198–199, 89 S. Ct. at 1665 (footnotes omitted).[1]

Reversed and remanded with instructions to enter a verdict of acquittal.

---

1. Footnote 16 of *McKart, supra,* notes that conscientious objector claims typically require Board expertise and discretion, making such cases singularly appropriate for application of the doctrine of exhaustion of administrative remedies. The *McKart* footnote, however, was addressed to the resolution of such factual issues as sincerity of conviction, not to issues of statutory construction. *See also* United States v. Davis, 413 F.2d 148 (4th Cir. 1969).