**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Steven Robert VELEN, Defendant-**
**Appellant.**

**No. 17747.**

United States Court of Appeals,
Seventh Circuit.

Feb. 10, 1971.

George C. Pontikes, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Howard W. Hoffman, Asst. U. S. Atty., Chicago, Ill., for appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and PELL, Circuit Judge, and REYNOLDS, District Judge.*

REYNOLDS, District Judge.

Steven Robert Velen appeals from his conviction, by the court sitting without a jury, of the offense of failing to submit for induction into the armed services.

Appellant was initially classified 1–A by his local board. Thereafter he sought to obtain a conscientious objector classification. The local board denied that classification and Velen appealed. The denial of conscientious objector classification was sustained by the appeal board. Velen was retained in 1–A status and eventually ordered to report for induction. He reported as ordered but refused to submit to induction. Velen's indictment, trial, and conviction followed.

Appellant contends that there is no basis in fact for the determination that he should be retained in 1–A classification and that he was entitled to conscientious objector status.

Velen's SSS Form No. 150—"Special —Form for Conscientious Objector"— and the information supplied in connection with it indicated that he believed in a "Supreme Being" whose will was expressed through the individual conscience, and that the individual conscience is the ultimate and superior authority in all situations. These documents also reflect Velen's belief that all men share in the same basic worth and that to fail to respect this worth is violative of his conscience.

Appellant's application for conscientious objector status shows that he had received some early training in the Jewish religion but by the time he was sixteen he had decided that organized religion was meaningless to him. He later concluded that participation in the military would contravene the dictates of his conscience in the "most flagrant way."

Section 6(j) of the Military Selective Service Act of 1967 exempts from combat training and service in Armed Forces any person who "by reason of religious training and belief, is conscientiously opposed to participation in war in any form." 50 U.S.C.App. § 456(j).

In Welsh v. United States, 398 U.S. 333, 340, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970), decided subsequent to the trial below, the Supreme Court interpreted § 6(j) and defined the conditions that must exist before a person can qualify for an exemption under the statute:

"* * * If an individual deeply and sincerely holds beliefs that are purely ethical or moral in source and content but that nevertheless impose upon him a duty of conscience to refrain from participating in any war at any time, those beliefs certainly occupy in the life of that individual 'a place parallel to that filled by

---

* The Honorable John W. Reynolds, Judge, U.S. District Court for the Eastern District of Wisconsin, is sitting by designation.

* * * God' in traditionally religious persons. Because his beliefs function as a religion in his life, such an individual is as much entitled to a 'religious' conscientious objector exemption under § 6(j) as is someone who derives his conscientious opposition to war from traditional religious convictions."

A perusal of Velen's Form 150 and its supporting documents demonstrate that they describe beliefs that are within the meaning of § 6(j). These papers reflect an opposition to war stemming from Velen's moral or ethical beliefs about what is right and wrong, and these beliefs appear, from the face of the documents, to be held with the strength of traditional religious convictions. Welsh v. United States, supra.

The local board did not, so far as this record discloses, provide a statement of its reasons for rejecting the request for conscientious objector classification. An inquiry must now be made as to whether anything in the record would enable us to determine with any degree of assurance that the decision really made by the board properly supported and had a basis in fact. United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970); United States ex rel. Hemes v. McNulty, 432 F. 2d 1182 (7th Cir. 1970).

The Government contends that what transpired before the local board sufficiently demonstrates that the conscientious objector claim was rejected because the local board found Velen to be insincere in his beliefs.

The Government points to the fact that Velen did not set forth his conscientious objection in his initial classification questionnaire and did not mention these beliefs when he wrote to the local board, one month prior to submitting his Form 150, and rejected a 2–S (student) deferment as being part of an "unjust" system. The Government argues that since Velen's conscientious objection developed before both of these occasions, the failure to mention his beliefs on these occasions is sufficient indication

of his insincerity. These facts are not persuasive and are not substantial enough to support a finding that the local board properly rejected the claim and had a basis in fact for retaining appellant in the most eligible classification. See Batterton v. United States, 260 F.2d 233 (8th Cir. 1958).

The Government also contends that Velen's insincerity is best demonstrated by his request for a second Form 150 (which was never filed) to assert a claim of conscientious objection on beliefs "substantially different" from his earlier beliefs. However, this lends no support to the Government's position, since the request for the form came *after* both the local board and the appeal board had considered and rejected Velen's claim. The request for the form and reasons therefor could not have been considered in rejecting the claim.

In conclusion, the record in this case, when viewed in the light of United States v. Lemmens, supra, compels a conclusion that this conviction cannot stand. This holding is without prejudice to the Selective Service System's power to reconsider Velen's classification and to make the required determination. Other questions raised here need not be discussed in the opinion.

The judgment appealed is reversed, and the case is remanded with directions to dismiss the indictment.