UNITED STATES of America,
Plaintiff-Appellee,

v.

Stephen Leroy ANDREWS, Defendant-
Appellant.

No. 428-70.

United States Court of Appeals,
Tenth Circuit.

July 9, 1971.

Philip F. Horning, Bulla & Horning, Oklahoma City, Okl., Ralph K. Helge, Pasadena, Cal., for appellant.

James M. Peters, Asst. U. S. Atty., Oklahoma City, Okl., for appellee.

Before LEWIS, Chief Judge, ADAMS,* Circuit Judge, and BROWN, District Judge.

LEWIS, Chief Judge.

Appellant, Stephen Leroy Andrews, refused to submit to induction into the armed forces after his claim for conscientious objector status was rejected by the selective service. He was indicted, tried and convicted in the United States District Court for the Western District of Oklahoma for violating 50 U.S.C. App. § 462 and sentenced to the maximum term of five years. He appeals and we reverse.

The record shows that Andrews first registered with his local board in Tulsa County, Oklahoma on July 15, 1966. He did not then claim status as a conscientious objector and was classified I–A on July 19. During January, 1968 Andrews enrolled at Tulsa Technical College as a full-time student in electronics. In February he was examined and found physically qualified for the armed forces, but on March 27, the local board reclassified him II–A, a deferred status for one year because of his attendance at the Technical school.

* Of the Third Circuit, sitting by designation.

According to his own statement, Andrews began experiencing difficulties during the school year. He was forced to quit a job because of inability to both study and work at the same time. He also was disturbed by the resignation of a favorite teacher and by an emotional problem that he denoted as "hypertension." In this context, Andrews claimed that his religious beliefs crystallized.

Some three months before his one-year school deferment was to expire, Andrews joined the Worldwide Church of God, a fundamentalist and pacifist church headed by Herbert W. Armstrong, and on February 3, 1969 appellant requested reclassification as a conscientious objector. His beliefs were premised basically upon selected biblical passages.

After completing the Special Form for Conscientious Objection, Andrews appeared before his local board on April 2, 1969 for a courtesy interview concerning his claim. Following the interview appellant was reclassified I–A. On April 25, appellant gave notice of appeal of the I–A classification and his file was forwarded to the appeal board. The file was returned, however, when on May 12 the local board received a letter from appellant requesting a personal appearance and an interview with the government appeal agent. The local board granted Andrews a personal appearance on June 4, after which it continued him in class I–A. Inexplicably, an appointment with the appeal agent was never arranged.

In a letter dated July 3, Andrews appealed his I–A classification. On July 24 the local board received six letters attesting to Andrews' sincerity, which the appellant asked to be considered in his case. These letters were forwarded to the appeal board. Andrews was classified I–A by the appeal board on August 23. He was notified thereof and ordered to report for induction on September 24. Appellant thereafter submitted additional letters attesting to his sincerity as well as further personal statements on his beliefs. The local board postponed appellant's induction, reviewed his file on October 15, and determined not to reopen. Appellant was ordered to report for induction on November 19, 1969. He reported but refused to submit to induction.

We note initially that neither the local nor state appeal board gave any reasons for denying Andrews' conscientious objector claim. Appellant directs us to the recent decisions of at least eight other circuits which indicate that the failure of the selective service boards to state reasons for the denial of his claim should render his induction order and subsequent conviction invalid. *See, e. g.,* United States v. Lenhard, 2 Cir., 437 F.2d 936; Paszel v. Laird, 2 Cir., 426 F.2d 1169; United States v. Crownfield, 3 Cir., 439 F.2d 839; Scott v. Commanding Officer, 3 Cir., 431 F.2d 1132; United States v. Eades, 4 Cir., 430 F.2d 1300; United States v. Broyles, 4 Cir., 423 F.2d 1299 (en banc); United States v. Stetter, 5 Cir., 445 F.2d 472 (decided June 14, 1971); United States v. Washington, 6 Cir., 392 F.2d 37; United States v. Velen, 7 Cir., 437 F.2d 763; United States v. Lemmens, 7 Cir., 430 F.2d 619; Caverly v. United States, 8 Cir., 429 F.2d 92; United States v. Abbott, 8 Cir., 425 F.2d 910; United States v. Mount, 9 Cir., 438 F.2d 1072; United States v. Haughton, 9 Cir., 413 F.2d 736. The correctness of each of these decisions has now received considerable comfort in Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810, decided June 28, 1971.

■■■ The government, on the other hand, cites Owens v. United States, 10 Cir., 396 F.2d 540, 542–543, cert. denied, 393 U.S. 934, 89 S.Ct. 294, 21 L.Ed.2d 270 wherein we stated:

There is no statute or regulation requiring the local Board to make findings of fact or conclusions of law or indicate reasons for its decision. * * * where, as here, the Board discloses no reasons for the challenged classification or for failing to reopen the classification, we will assume the Board relied upon whatever factual basis is reflected in the record, if·any.

We deem *Owens* distinguishable. The court was then concerned with a ministerial exemption, which is dependent solely on the proof of certain objective facts. Conscientious objection requires a different approach "because the ultimate question \* \* \* is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form." Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428. *See* United States v. Haughton, *supra* 413 F.2d at 739. Sincerity is a purely subjective question upon which objective facts are helpful but not conclusive. *See* Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 29 L.Ed.2d 625; Witmer v. United States, *supra.*

The government in this case contends that Andrews was denied conscientious objector status because of insincerity and points to objective evidence in the record that might support such a finding. *See* Salamy v. United States, 10 Cir., 379 F.2d 838. But we hesitate to follow the government's suggested conclusion because of uncertainty in determining whether the draft boards *actually* based their decision on a properly supported finding that Andrews was insincere. When facing a similar dilemma, the seventh circuit stated:

> [I]n this difficult area of claims as conscientious objector there are factors which militate against a presumption that the board applied correct legal principles and reached its classification by a decision of an issue legitimately presented for it to decide. The difficulty widely experienced in interpreting the law is well known. The process of deciding such an issue as sincerity of belief is delicate, as is often the case with issues as to intent. Conscientious opposition to war has traditionally been a minority point of view and the danger that prejudice may affect the decision is real. United States v. Lemmens, *supra* 430 F.2d at 623.

In this respect, it is significant that during Andrews' personal appearance before the local board apparently no concern was given to the factors now urged upon us to show insincerity. Instead, the board members asked Andrews whether his beliefs were based on religion, and he replied yes and no, explaining that his beliefs were also personal in nature. The matter was not explored further, and there arises the possibility that both the local and appeal boards considered that Andrews was sincere, but that his beliefs were not sufficiently "religious" to qualify under 50 U.S.C. App. § 456(j), a decision mistaken in the light of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308, and United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed. 733.

We recognize that the selective service system is not subject to the Administrative Procedure Act with its requirement that reasons be given for denial of an application and that boards of volunteer laymen cannot be expected to make court-like findings of fact. Nevertheless, meaningful judicial review requires that we be able to discern with reasonable certainty the basis upon which the boards have acted. In conscientious objector cases, this means that the draft boards must at least state in the record whether they have found the registrant insincere and briefly summarize those facts that reasonably led to their conclusion. In our opinion, the duty of making an informal statement of reasons will place no undue burden on the selective service. *See* United States ex rel. Hemes v. McNulty, 7 Cir., 432 F.2d 1182, 1187; Paszel v. Laird, *supra* 426 F.2d at 1175.

Because of our disposition of the case, we do not reach any other errors claimed by appellant. The judgment is reversed and remanded with directions to enter a judgment of acquittal.