**UNITED STATES of America, Appellee,**

v.

**Michael Edward FRANCIS, Appellant.**

**No. 71-1294.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1972.

Rehearing Denied May 10, 1972.

**554**

O. John Kuenhold, Alamoso, Colo. (Guy T. Saperstein, Boulder, Colo., with him on the brief), for appellant.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH, and HOLLO-WAY, Circuit Judges.

PER CURIAM.

This is a direct appeal from a conviction for failing to report for induction in violation of 50 U.S.C. App. § 462(a).

On the expiration date of his II–S deferment, the appellant requested a I–S(c) classification, hoping to extend his deferment until completion of his teacher training at Colorado State College. As he had not yet received an order to report for induction, he was declared ineligible and subsequently classified I–A on November 5, 1969. On the same day Mr. Francis requested conscientious objector form 150. His file and completed form 150 were reviewed during his personal appearance on March 3, 1970, and that evening he was reclassified I–A. Appeal to the Colorado State Appeal Board resulted in the denial of conscientious objector status, and this board classified him as I–A. The appellant was ordered to report for induction on July 8, 1970. On July 7, 1970, Mr. Francis wrote to his local board, explaining that he would not be present for induction "due to religious beliefs."

The local board entered a summary of the personal interview of appellant, and of its review of his form 150. This summary is a mixture of facts and conclusions, none of which constitute "reasons" in the sense of United States v. Andrews, 446 F.2d 1086 (10th Cir.), which was decided after the local board's action here. The summary however clearly indicates that the board found appellant was not sincere in his beliefs.

As mentioned, the appellant appealed to the state board which in the required de novo proceedings classified him as I–A, and on this classification he was ordered to report. The state board gave no reasons for its classification.

Under Public Law 92–129, § 22(b) (4), September 28, 1971, the selective service boards are required to furnish the registrant, upon his request,

". . . a brief written statement of the reasons for its decision," when adverse to registrant's claim. This provision came after most appellate courts had made similar requirements. The board action in the case before us arose before the effective date of the statute, and before our decision in United States v. Andrews, 446 F.2d 1086, and thus is not controlled thereby.

It is apparent in conscientious objector cases, as indicated in United States v. Andrews, how useful on judicial review it is to have an indication by the board whether it found the registrant sincere in his beliefs. In the case before us we have such an indication by the local board, and this is sufficient to guide us on this appeal.

A careful review of the record demonstrates that there is a basis in fact for appellant's classification under the prevailing authorities. It is not necessary to again review the limited nature of our review under the circumstances presented in this case.

Affirmed.