UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth Dale CARPENTER, Defendant-Appellant.

No. 72-1011.

United States Court of Appeals,
Tenth Circuit.

June 15, 1972.

William K. Hickey, Asst. U. S. Atty. (James L. Treece, U. S. Atty., on brief), for plaintiff-appellee.

Norman D. Johnson, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, SETH, and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After trial to the court without a jury, defendant-appellant was found guilty of refusing induction into the United States Armed Forces in violation of 50 U.S.C. App. § 462. On this appeal he asserts that his claim of conscientious objector exemption was improperly denied.

Defendant registered with his Local Board in 1965 and was classified II–S until July, 1969, when he was placed in the I–A group. He was ordered to report for induction in January, 1969, and refused induction. He was indicted and tried for this offense and was acquitted because of administrative irregularities in the induction order. On September 22, 1970, he filed SSS Form 150 with supporting materials and sought conscientious objector status. He appeared personally before one member of the Board on October 7. A summary was prepared of what occurred at that interview. The other members of the Board reviewed the summary and the file. The Board unanimously concluded:

"The Local Board did not feel the registrant was sincere in his beliefs. It was their decision, after reading information in the file, and contents of the interview, that the registrant's claim was based on his opposition to the Viet Nam war, and on personal moral code."

■ Defendant attacks the Board decision on the ground that it did not comply with United States v. Andrews, 10 Cir., 446 F.2d 1086, in that the Board did not briefly summarize the facts upon which it based its decision. However, in United States v. Francis, 10 Cir., 457 F.2d 553, we held that Andrews was not retroactive and would not apply to Board actions taken before July 9, 1971, the date of the Andrews decision. The action in the case at bar occurred on October 7, 1970. Accordingly, the question before us is whether there is a basis in fact for the classification under the then applicable authorities. Ibid.

■ A CO claim may not be arbitrarily rejected through simple disbelief. The rejection must be supported by permissible inference from the established facts. United States v. Martin, 10 Cir., 416 F.2d 44, 49. The question is whether the Board's action meets this "minimal requisite." Ibid.

■■ The Board made three findings concerning the defendant's CO claim, (1) that he was insincere; (2) that the claim was based on opposition to the Viet Nam war; and (3) that the claim was based on a personal moral code. Boards are presumed to classify and process registrants regularly and "in accordance with the applicable statutes and regulations." Oestereich v. Selective Service Bd., 393 U.S. 233, 241, 89 S.Ct. 414, 418, 21 L.Ed.2d 402 and cases there cited. Defendant argues that the summary of his personal appearance indicates improper standards were employed in processing his CO claim. However, in the absence of further proof, we believe that the presumption of administrative regularity had not been overcome. Volunteer laymen cannot be expected to express themselves with court-like precision. See United States v. Andrews, 10 Cir., 446 F.2d 1086, 1088.

One of these findings must provide a legally sufficient basis to support the Board's denial of the CO claim. We find it necessary to consider only the question of sincerity. United States v. Martin, 10 Cir., 416 F.2d 44, 48, recognizes that sequence of events may provide a factual basis for Board action when

"the chronology in a particular case raised substantial inferences negativing the sincerity or good faith with which the registrant has pursued his claim for exemption."

In the initial 1965 classification questionnaire, defendant left blank the section pertaining to conscientious objection. He filed no CO claim during the years he held a II–S classification. We do not penalize him for this. See United States v. Bornemann, 2 Cir., 424 F.2d 1343, 1347–1348. However, he was classified I–A in July, 1969, and did not, in compliance with the then applicable regulation, 32 C.F.R. § 1625.1(b), notify the Board of "any fact that might result in the registrant being placed in a different classification * * *" within the specified 10 days. After he had twice been ordered to report for induction, he mentioned that he was "considering" filing a CO claim. The second induction order was canceled, he was sent SSS Form 150, but he did not return it to the Board. After the third induction order, he wrote the President and stated that he would refuse induction "as long as this country is fighting in Viet Nam." In the letter he did not claim CO status.

His refusal to comply with the third order resulted in his indictment, trial, and acquittal on technical grounds. On September 22, 1970, he filed a CO claim with supporting materials. The Board denied the claim and administrative review procedures sustained the Board action. Defendant's subsequent refusal to submit to induction resulted in the case before us.

■ Defendant argues that he did not file a CO claim earlier because in the summer of 1970 he first learned from a counseling service that his beliefs might qualify him as a CO. We are not impressed with the idea that a realization of conscientious belief occurs just after advice is sought. Defendant's letter to the President raises doubts as to good faith because he said that he refused in-

duction because of Viet Nam, stated no objection to participation in war in any form, and made no claim to CO status. We find nothing in the SSS Form 150 which evidences a long-standing or strong commitment to conscientious objection to participation in war in any form. These circumstances, when coupled with a sequence of events which shows no CO claim until after three induction orders, trial and acquittal for draft evasion, and a visit to a counseling service, provide a basis in fact for the Board's determination of lack of sincerity. Salamy v. United States, 10 Cir., 379 F.2d 838, 842, and United States v. Kember, 9 Cir., 437 F.2d 534, 537, cert. denied 402 U.S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662.

Affirmed.