No. 72–53.  FRANCIS v. UNITED STATES.  C. A. 10th Cir.  Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

This petition on its face seems to me to be one we should grant and reverse the judgment below on the basis of *Sicurella* v. *United States,* 348 U. S. 385.  At the very least we should put the case down for oral argument.

Petitioner was convicted for failure to report for induction into the Armed Forces in violation of 50 U. S. C. App. § 462 (a) and the Court of Appeals affirmed.  457 F. 2d 553.

When classified as I–A, petitioner requested classification as a conscientious objector.  The Board rejected his request on five grounds:

"1. Left Church.  Religion is not thoroughly understood.

"2. Appears insincere in his I–O request.  Possibly coached.

"3. Could help a wounded man, but wouldn't in battle.

"4. Decision to fill out SSS 150 and apply for I–O status came after he fell behind academically.

"5. Won't take military orders.  Appears that he is against taking any orders."

The first reason seems plainly untenable as a ground for denying the I–O classification.  Two years earlier petitioner had joined the Church of Christ.  But the fact that he left it is irrelevant to his I–O status.  His tie to a church is irrelevant to his claim, because purely ethical or moral grounds, though unrelated to any church, are adequate, if sincerely believed.  *United States* v. *Seeger,* 380 U. S. 163; *Welsh* v. *United States,* 398 U. S. 333.

The third ground is also plainly insufficient.  It is true as the Government says that the extent to which petitioner would be willing to help the wounded is relevant as to whether he should be assigned to Class I–A–O for non-

combatant service. Yet one's objection to all military service may well include even that part of military service that one can serve in a noncombatant capacity. That apparently was the point of petitioner's willingness to help an injured man, except in battle. It underlines his asserted belief that service even in a noncombatant capacity infringes upon his beliefs. The fifth ground stated by the Selective Service Board is really part and parcel of petitioner's asserted objection to all military service.

In *Sicurella* v. *United States,* 348 U. S., at 392, it was impossible to say on what grounds the Selective Service Board made the classification. One ground being illegitimate, we set aside the conviction, for the integrity of the system demanded that the Board rely on some legitimate ground. We followed that course in *Clay* v. *United States,* 403 U. S. 698, 703–704, where concededly two of the three grounds on which the Board denied relief were not valid ones. And we noted that, since *Sicurella,* that rule had become the established practice of federal courts, when dealing with the criminal sanction of the Selective Service Laws. *Id.,* at 705.

I see no way to distinguish this case from *Sicurella* and *Clay* and would therefore grant certiorari and reverse. Or, as I said, at the very least we should grant certiorari and put the case down for oral argument.