**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter Paul Albert HENDERSON, Jr.,**
**Defendant-Appellant.**

No. 26932.
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 19, 1969.

---

Stanley Wolfman, Merritt Island, Fla. (retained), for appellant.

Edward F. Boardman, U. S. Atty., Gary B. Tullis, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant was indicted for refusal to be inducted into the Armed Forces of the United States, in violation of 50 U.S.C. § 462.[1] He entered a plea of not guilty, was tried before the District Court without a jury, convicted, and sentenced to a term of five years imprisonment. Henderson appeals from this conviction.

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

■ The question presented on this appeal is whether, under the facts of the case, the draft board's classification of the defendant as I–A after the defendant had applied for a classification as a conscientious objector on Form 150 had any basis in fact[2] for the classification. Under the *Estep* and *Dickinson* decision, the classification can be overturned only if such classification has "no basis" in fact.

■ Henderson here contends that there was no evidence incompatible with his claimed conscientious objector status. However, in the decision of Witmer v. United States, 1955, 348 U.S. 375, 75 S.Ct. 392, 396, 99 L.Ed. 428, the Supreme Court made a distinction between the claims of conscientious objectors and ministerial exemptions. In *Witmer* the Supreme Court held that the registrant in ministerial cases can present objective facts that he was "a regular or duly ordained minister of religion", but that in conscientious objector cases, the ultimate question is the sincerity of the registrant in objecting, on religious grounds, to participation in war of any form. So, in the case at hand, Henderson's sincerity

---

1. 50 U.S.C.App. § 462(a) provides, in pertinent part:

    "[A]ny person who * * * evades or refuses registration or service in the armed forces or any of the requirements of this title * * * or who in any manner shall knowingly fail or neglect or refuse to perform any duty required of him under or in execution of this title * * * or rules, regulations, or directions made pursuant to this title * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *."

    Regulation § 1632.14 provides:

    "[a] When the Local Board mails to a registrant any Order to Report for Induction * * * it shall be the duty of the registrant to report for induction at the time and place fixed in such order. * * *

    "[b] Upon reporting for induction, it shall be the duty of the registrant * * * (5) to submit to induction."

2. In Estep v. United States, 1945, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, the Supreme Court rules that although the statutory provision that orders of draft boards shall be "final" precludes the customary scope of judicial review, and forbids courts to weigh the evidence, a board may not act without jurisdiction; it lacks jurisdiction if there is no basis in fact for the classification which it gave the registrant. A registrant may secure judicial review by habeas corpus or by defense to a criminal prosecution for failure to submit to induction.

    Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132, went a step further than *Estep* in holding that once the registrant makes a prima facie case, the board must develop other evidence to support an adverse decision.

to the conscientious objector status was the ultimate question to be determined by the local and appeals boards.[3]

In conscientious objector cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, any fact which casts doubt on the veracity and sincerity of the registrant is relevant. As the issue is Henderson's sincerity and good faith belief, then there must be some inference of sincerity or bad faith. The question of whether a registrant's beliefs are truly held is a threshold question of sincerity which must be resolved by the local board. Clay v. United States, 397 F.2d 901, 920 (5 Cir., 1968). Any facts, which, while insignificant standing alone, may, when considered in context, help support a finding of insincerity. Keefer v. United States, 313 F.2d 773, 776 (9 Cir., 1963).

In his initial classification questionnaire defendant did not claim to be a conscientious objector. This questionnaire was filed in November of 1964 and from that date until May 3, 1967, defendant enjoyed a number of scholastic and occupational deferments. In addition, the current information questionnaires filed by the defendant never once contained a claim for conscientious objector status.

It is apparent in the instant case that defendant waited until he had exhausted all his deferments, until he had been classified I–A and until military service had become imminent before seeking a conscientious objector classification. This chronology of events which comprised the defendant's Selective Service history had a direct bearing upon his sincerity and was properly considered by the appeals board in denying his claim for conscientious objector status. United States v. Geary, 368 F.2d 144 (2nd Cir., 1966); Salamy v. United States, 379 F.2d 838 (10 Cir., 1967).

In his special form for conscientious objector classification, defendant listed the Methodist Church as the religious organization from which he received the training and acquired the belief which formed the basis of his claim. However, the defendant never made mention of any participation in the activities of his church which is a fact properly to be considered by the board in determining whether objection to war is the result of religious training and belief or represents merely a personal moral code. Imboden v. United States, 194 F.2d 508 (6 Cir., 1952).

A review of the special form for conscientious objectors completed by defendant reveals without question that defendant's claim for conscientious objection to war was the result of defendant's personal, political, sociological and philosophical views.[4]

We are inclined to the view that the close case before us is just such a case as might have prompted Congress to vest draft boards with "final" authority in deciding classifications and exemptions. The members of Local Draft Board No. 35, Cocoa, Florida, who struggled with this case for nearly four years, are in a better position than we to determine the facts and weigh credibility. We feel that the District Judge was correct

---

3. The I–A classification given defendant in the instant case by the appeals board was a *de novo* classification, and was one of first instance and completely superseded the prior action of the local board in classifying the defendant. See Clay v. United States, 397 F.2d 901 (5 Cir. 1968).

4. Title 50, United States Code, Appendix, Section 456(j) reads as follows:
"Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of *religious training and belief*, is conscientiously opposed to participation in war in any form. As used in this subsection, the term 'religious training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code. * * *" (Emphasis supplied).

in finding that there was a basis in fact for the board to deny defendant the status of a conscientious objector.

The judgment is affirmed.