**UNITED STATES of America ex rel.
Private Bernard J. SIELEN,
Petitioner,**

v.

**Captain Darwin D. HOCKING, Commanding Officer, Fifth United States Army, Fort Sheridan, Illinois, Commanding Officer, United States Army Reserve Components Center, Fort Benjamin Harrison, Indiana,**

and

**Stanley R. Resor, Secretary of the Army, Respondents.**

No. 70-C-437.

United States District Court,
E. D. Wisconsin.

Aug. 28, 1970.

Greenberg, Karp & Heitzman, by Sander Karp, Milwaukee, Wis., for petitioner.

David J. Cannon, U.S.Atty., by Terry E. Mitchell and Richard P. Broder, Asst. U.S.Attys., Milwaukee, Wis., for respondents.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner, Sielen, a member of the United States army reserves, has applied for a writ of habeas corpus, challenging his detention in the military service and his orders to report for involuntary active duty. The petitioner contends that he has a conscientious objection to participation in war in any form.

Mr. Sielen was ordered to report for active duty on August 3, 1970, but with the commencement of this action, an extension of such date has been agreed between counsel. An evidentiary hearing was held by the court on August 6, 1970, and thereafter briefs were submitted by both sides.

The petitioner enlisted in the United States army reserves in early 1966. Because of an excessive number of unex-

cused absences from his reserve unit training meetings, orders were issued on December 16, 1969, directing him to report for involuntary active duty; the orders were received by him on December 22, 1969. Such orders required him to report for involuntary active duty at Ft. Leonard Wood, Missouri. On January 14, 1970, Mr. Sielen submitted a formal application for discharge on the grounds of conscientious objection.

In the latter part of November, 1969, Mr. Sielen verbally advised Captain Hocking that he wanted to apply for a discharge as a conscientious objector. Captain Hocking testified, however, that prior to such discussion (in the latter part of October or in early November, 1969), he had notified Mr. Sielen that his orders for active duty were being processed.

A conscientious objector review board considered Mr. Sielen's application, and by letter dated July 10, 1970 advised him that his request for discharge was denied. The board gave a number of reasons for its conclusion, including its findings that the petitioner was not sincere and that his beliefs were not truly held. The board also stated that his beliefs were grounded on philosophical rather than on religious considerations.

Mr. Sielen urges that there is no basis in fact for the board's conclusion that he was not sincere and that the reference to philosophical versus religious training is erroneous as a matter of law under the recent decision in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). The defendants do not attempt to support the board's views regarding philosophical versus religious objections, but rather rely principally on the argument that the record supports the board's conclusion that Mr. Sielen's views were not sincere. Mr. Sielen, on the other hand, argues that if one of the grounds relied upon by the board is erroneous, the court must set aside the board's conclusions.

This case presents for the court's determination the thorny problem of determining if there is a factual basis for a finding of insincerity in connection with a claim of conscientious objection. The standard to be applied is an elusive one, and it has troubled other courts. United States v. Henderson, 411 F.2d 224 (5th Cir. 1969); United States v. Bellmer, 404 F.2d 132 (3rd Cir. 1968); Olguin v. United States, 392 F.2d 329 (10th Cir. 1968); Salamy v. United States, 379 F.2d 838 (10th Cir. 1967).

There are at least two principal reasons which in my opinion support the finding of insincerity made by the conscientious objector review board. First, although Mr. Sielen voluntarily enlisted in the army reserves in early 1966, several of the letters submitted to support his claim that he was a conscientious objector state that he has always been such an objector. There is an inconsistency, therefore, in the timing of Mr. Sielen's becoming a conscientious objector.

The second, and even more important consideration, is the fact that Mr. Sielen first applied for a discharge as a conscientious objector *after* having been informally informed by Captain Hocking that he was being processed for active duty. Under such circumstances, the board was entitled to discount Mr. Sielen's claim that his alleged conscientious objection crystallized with the birth to his wife of a baby girl in November, 1969.

In my opinion, the recent decision of the court of appeals in United States v. Lemmens, 430 F.2d 619 (7th Cir., August 4, 1970), does not warrant this court's rejection of the conclusions of the conscientious objector review board. In *Lemmens*, the board failed to give any reason for the rejection of the conscientious objector claim; in the case at bar, the board has expressly denominated such claim as insincere. In my opinion, there is a basis in fact upon the present record for the conclusion reached by the board.

Now, therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is denied.