**Alfred F. JOHNSON**

v.

**Stanley RESOR et al.**

**Misc. Civ. A. No. 70–72–F.**

United States District Court,
D. Massachusetts.

Jan. 21, 1971.

Stanley R. Lapon, Altman & Garfinkle, Cambridge, Mass., for plaintiff.

Herbert F. Travers, U. S. Atty., Paul F. Ware, Asst. U. S. Atty., for defendants.

## OPINION

FRANCIS J. W. FORD, District Judge.

Alfred Johnson brings this petition for writ of habeas corpus to obtain his release from the United States Army with which he is now on active duty. Johnson was inducted into the Army on January 23, 1969. On completion of combat training, he was ordered to Fort Lewis, Washington, for shipment to Viet Nam. Instead of obeying these orders, he absented himself without leave until January, 1970, when he returned to military control at Fort Devens, Massachusetts, where he was court-martialed.

At the time of his return to Fort Devens, he stated that he desired to apply for a discharge as a conscientious objector, but took no formal step to do so at that time. In March 1970, after completion of the court-martial proceedings, and when he was again reported available for overseas shipment, he did put in his application for discharge as a conscientious objector. The usual course of consideration of the application was fol-

lowed, resulting finally in the denial of the application by the Army on March 22, 1970.

█ In reviewing on habeas corpus the final decision of the military authorities on an application for discharge as a conscientious objector, the scope of review by this Court is narrowly limited. The decision of the military authorities denying the discharge must be accepted unless the Court can find that no basis in fact exists in the record to support the denial.

█ Respondents do not appear to contend here that the beliefs set forth by petitioner are not such as would, if sincerely held, qualify him for discharge as a conscientious objector. Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308; United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733. The record indicates that there may have been some misunderstanding on this point. The chaplain, for instance, would not support petitioner's request because his beliefs did not reflect a Catholic viewpoint, and his commanding officer, in refusing approval of the application for discharge, stated that "he apparently is at odds with the Catholic viewpoints." However, while Johnson stated that he had been brought up as a Catholic, he stated that he was no longer active in church affairs. The religious beliefs on which he relies are clearly presented as his own, influenced by his early Catholic training, but not claiming to be Catholic beliefs as such. Clearly, however, they are religious beliefs leading to an opposition to war in any form and sufficient to meet the requirements of *Welsh* and *Seeger*.

Respondents' present position appears to be that denial of Johnson's application for discharge was justified by their finding that Johnson's alleged beliefs are not "truly held". Of course, the chaplain conceded that Johnson might be sincere, his commanding officer found that he was sincere, and the hearing officer, Major Pilcher, the only officer who seems to have made a thorough inquiry into Johnson's beliefs, impliedly found him to be sincere by recommending that his discharge be granted. The respondents appear to discount these findings by holding that Johnson's beliefs, although they may be sincere and honest, were not truly and deeply held.

As a basis in fact to support this finding, respondents rely on the fact that he made no claim to be a conscientious objector until he had completed training and was available for shipment to Viet Nam, that his first statement as to being a conscientious objector was not made until January, 1970, on his return from absence without leave, and that his formal application for discharge was not made until March, 1970.[1]

There appears to be a conflict of opinion as to whether mere lateness in making a claim to be a conscientious objector is sufficient basis in fact to support a finding that the claim is insincere. Some courts appear to hold that it is, Speer v. Hedrick, 9 Cir., 419 F.2d 804; United States v. Henderson, 5 Cir., 411 F.2d 224, 227; Salamy v. United States, 10 Cir., 379 F.2d 838. The contrary view seems to have been taken in Bates v. Commander, First Coast Guard District, 1 Cir., 413 F.2d 475, and United States ex rel. Brooks v. Clifford, 4 Cir., 409 F.2d 700. *Bates,* of course, states the law for this circuit. The beliefs of a conscientious objector may solidify at any time; but it is in accord with the reasoning of *Bates* to find that such a recognition is illusory if the lateness in the crystallization of these beliefs is to be taken as a sufficient basis for finding them insincere.

The ultimate conclusion must be that the respondents have failed to show any

---

1. Respondents refer also to a statement of Johnson during his court-martial that, "Had I gone to Fort Lewis, Washington, I would have been all right." It is hard to see how this statement, taken out of context, has any bearing on his sincerity. Its obvious meaning seems to be merely that if he had reported to Fort Lewis as ordered, he would not have been court-martialed.

basis in fact sufficient to support the denial of petitioner's discharge as a conscientious objector.

Judgment will be entered for petitioner, granting the writ of habeas corpus and discharging petitioner from the custody of respondents.