UNITED STATES of America

v.

William Riggs THOMPSON.

No. 71-20-Cr-J.

United States District Court,
M. D. Florida,
Jacksonville Division.

Nov. 29, 1971.

John L. Briggs, U. S. Atty., Jacksonville, Fla., for plaintiff.

Maynard F. Swanson, Jr., Clearwater, Fla., for defendant.

FINAL JUDGMENT

TJOFLAT, District Judge.

The defendant, William Riggs Thompson, was tried before the Court, sitting without a jury, on a one count indictment charging him with refusing to submit to induction into the armed forces in violation of Title 50, United States Code, Appendix, Section 462.

It has been stipulated that the selective service record in toto should be examined and reviewed by the Court. It

has also been stipulated that the defendant refused induction on the date ordered for induction by the local board. The only question thus remaining is whether he was properly ordered to be inducted after being properly classified I–A, or whether he should have been given the conscientious objector status he requested.

*Findings of Fact and Conclusions of Law*

The following facts determined from an examination of the Selective Service file are undisputed:

1. The defendant, a person required to perform duties under the Military Selective Service Act of 1967, was classified 1–A by his Local Board on December 8, 1969.

2. On January 23, 1970, defendant requested and was supplied SSS Form 150 to enable him to apply for conscientious objector status.

3. On August 24, 1970, he completed and filed SSS Form 150 asserting his conscientious objector claim with the explanation that he professed a belief in "a Universal consciousness of which all men are a part" as a result of which he could not "support any military system since armies obviously do not obtain the consent of those affected by their actions," and that therefore the concept of military structures was contrary to his beliefs.

4. Defendant was requested to submit to additional physical examinations on September 15, 1970, to supplement those previously ordered for February 26, 1970, and June 29, 1970.

5. On September 20, 1970, defendant appeared before the Local Board which again reviewed his classification. The Local Board turned down his conscientious objector application and continued his I–A classification. The stated reason for this action was that the Board felt that expediency was the basis for the defendant's conscientious objector claim.

6. The defendant filed supporting letters with the Local Board on October 15, 1970, and was refused reopening of his classification based on these supporting documents.

7. On November 18, 1970, the Appeal Board affirmed the Local Board.

8. Finally, on December 17, 1970, the defendant appeared at the induction center as ordered but refused induction.

On this record of uncontroverted facts, the only remaining question is whether the defendant was properly classified I–A, or, alternatively, whether he was properly denied conscientious objector status. In making this determination, the Court must decide whether the defendant states a prima facie case in his SSS Form 150 for the award of a conscientious objector status, and if so, whether there are adequate facts in the record to support the Local Board's finding that the applicant's claim was based on "expediency" and therefore should be denied.

The Court finds that the reason stated by the defendant for his conscientious objector claim does not meet the criteria set forth in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) and Seeger v. United States, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). The Local Board correctly determined that there was no prima facie showing of a legitimate conscientious objector claim in that the defendant's beliefs were not shown to be based on a sincere commitment, attaining the force of a religious command, which prohibited him from taking part in military activities. His moral beliefs do not reach the magnitude of a religious conviction and thus do not satisfy the *Welsh* and *Seeger* standard.

In order to qualify for the conscientious objector exemption embodied in the Selective Service Act of 1967, 50 U.S.C.App. § 456(j), the applicant must be one who "by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term 'religious training and belief' does not include essentially political, sociological, or

philosophical views, or a merely personal moral code." The religious element of the exemption was explained in *Seeger* in these terms:

> The test might be stated in these words: A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption comes within the statutory definition. 380 U.S., at 176, 85 S.Ct. at 859.
>
> \*  \*  \*  \*  \*  \*
>
> their task is to decide whether the beliefs professed by a registrant are sincerely held and whether they are, in his own scheme of things, religious. 380 U.S., at 185, 85 S.Ct. at 863.

The Court in *Welsh* re-emphasized the continuing validity of this test and continued the distinction between a truly "religious" commitment and mere "considerations of policy, pragmatism, or expediency." 398 U.S., at 342–343, 90 S. Ct. at 1798.

In the present case, the Local Board concluded from the defendant's response on SSS Form 150, together with the circumstances surrounding the return of the form, that the response did not present a prima facie case for granting the conscientious objector status. Defendant partially executed the SSS Form 150 and attached a three page explanation of his philosophical beliefs. In essence his response was:

> I believe that there is a Universal Consciousness of which all men are a part and that the purpose of our existence is the realization of this oneness. \* \* \* I think the central point is to live in harmony with the rest of the world. \* \* \* I believe the individual is responsible for his own spiritual growth. This means I must assume responsibility for all my actions. Therefore, I must judge the consequences my actions may have on other people. I am responsible only for my own actions; however, for those actions I am completely responsible. This is not a selfish attitude

but a practical one. I do not possess the omnipotence that would be necessary to decide what course other people's lives shall take. Therefore, I cannot condone or support, either actively or tacitly, any action which affects their lives without their consent. Because of this I cannot support any military system since armies obviously do not obtain the consent of those who are affected by their actions. \* \* \* The foregoing beliefs are my own and do not correspond to any single religion that I know of. For this reason and because I feel that any organization limits the individual, I have never joined any religion, orthodox or otherwise. \* \* \*

The Local Board also considered the fact that the defendant was supplied SSS Form 150 in January, 1970, but he delayed until August, 1970, to return it after being ordered to report for several physical examinations. In effect he delayed until the eve of induction the formulation of his philosophical response and his request for conscientious objector status. He had also previously enjoyed a II–S student deferment. The fact that the defendant waited until he had exhausted other preferential deferments, until he had been classified I–A, and until military service had become imminent before seeking a conscientious objector classification has a direct bearing upon his sincerity and the depth of his convictions, and was properly considered by the Local Board in denying his claim. United States v. Henderson, 411 F.2d 224 (5th Cir. 1969).

The defendant indicated his desire for conscientious objector status on January 23, 1970, after having been classified I–A in December of 1969. He then had ten days or until February 3, 1970, to file his conscientious objector's claim. 32 C.F.R. § 1625.1. By delaying some seven months in filing his claim, he failed to utilize available administrative procedures. This further supports the Local Board's conclusion that the defendant was not a true conscientious objector

and that his application was based on expediency.

In conclusion, therefore, the Court finds that the defendant's SSS Form 150 did not state a prima facie case for granting conscientious objector status. The Court further finds that the circumstances surrounding the delay in filing defendant's claim provided sufficient basis in fact for the Board's conclusion that the defendant's claim was insincere and based on expediency. The defendant was properly classified I–A and wilfully refused induction.

Therefore, the Court finds the defendant guilty as charged in the indictment.