John W. DeWALT, Petitioner-
Appellant,

v.

COMMANDING OFFICER, FORT BEN-
NING, GA., et al., Respondents-
Appellees.

No. 72–2575.

United States Court of Appeals,
Fifth Circuit.

April 13, 1973.

M. C. Mykel, Atlanta, Ga., for petitioner-appellant.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for respondents-appellees.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Petitioner, a 1st Lieutenant in the United States Army, seeks release from military service as a conscientious objector. The Army rejected his claim. The District Court dismissed his petition for writ of habeas corpus. We affirm.

The sole question is whether there was a sufficient factual basis to support the Army's denial of petitioner's request for discharge as a conscientious objector. From our study of the record, we conclude the District Court properly determined that the Army's disposition of petitioner's request was substantiated by the facts.

While at Wheaton College (Illinois), John DeWalt enrolled in the compulsory two-year Reserve Officers Training Corps (R.O.T.C.) program and then continued his military studies in the elective, advanced program for two years. Upon graduation, he accepted a commission as a lieutenant in the United States Army and reported for active duty in November, 1969. He completed basic and advanced infantry training, flight school and additional preparation for combat assignments. Orders for Viet Nam duty were delayed to permit him to further his training.

Not until April 1971, after receiving final orders for a Viet Nam assignment, did petitioner apply for discharge from the Army as a conscientious objector. Completing all requirements of the comprehensive application pursuant to Army Regulations 635–20, DeWalt asserted that his opposition to war in any form resulted from family and church teachings, college philosophy and religion courses, related reading, and his experiences in military service. Supporting letters attested to the sincerity of his convictions.

DeWalt was interviewed by his commanding officer, a field grade officer, a chaplain, and a psychiatrist. The commanding officer, recommending disapproval of the request, did not doubt DeWalt's sincerity, but questioned his judgment in accepting costly military training while doubting whether he could serve his country in combat. The field-grade hearing officer shared this view, emphasizing the impact of the imminence of Viet Nam duty on petitioner's thinking. The chaplain found petitioner's objections to military service to be sincere and recommended approval of his claim. The psychiatrist offered no medical contradictions to this conclusion.

The Department of the Army returned DeWalt's application to his commanding and hearing officers for further remarks concerning the depth and sincerity of petitioner's convictions. Both officers reiterated their observations that petitioner's convictions and request were sincere, but emphasized their impressions that his position was not carefully reasoned. They thought DeWalt was more concerned with his discharge from service than either his commitment to the Army or the fact that another man with similar training would have to undertake combat duty in his stead. The Department of the Army then denied DeWalt's request upon the ground that his professed views were not truly held.

Subsequent to the District Court's dismissal of this petition for habeas corpus, petitioner was granted an injunction from being removed outside the continental United States until final disposition of this appeal.

■ Discharge from military service is available only because of a privilege granted by the executive branch of the federal government and not as a constitutional right. *See* In re Summers, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945); United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302 (1931). That privilege is based upon regulations reflecting the Supreme Court's standards for conscientious objection. Army Regulation, 635–20, par. 3; Army Regulation 614–106, par. 26(2); Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

■ To qualify for discharge from military service as a conscientious objector, an applicant must satisfy the same criteria as one seeking draft classification as a conscientious objector:

(1) That he is opposed to war in any form, Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971);

(2) That his objection is grounded in deeply held moral, ethical, or religious beliefs, Welsh v. United States, *supra*; and

(3) That his convictions are sincere. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

■ The Army cannot merely disbelieve an applicant for conscientious objector discharge if his case is *prima facie, see* Rothfuss v. Resor, 443 F.2d 554 (5th Cir. 1971), but must have a basis in fact for denial. *See* United States v. Henderson, 411 F.2d 224 (5th Cir. 1969). The review of the Army decision is one of the narrowest known to the law. *See* Blalock v. United States, 247 F.2d 615 (4th Cir. 1957). The task of this Court is not to impose its own views of human nature upon the Army's

conclusion, but to determine whether that conclusion is supported by fact. Because the test of sincerity is necessarily subjective, therefore, any facts which cast doubt on DeWalt's sincerity are relevant to the inquiry and may support the Army's denial of his request.

■■ We conclude that there is such a basis in fact for the Army's denial of DeWalt's request. Having applied for and accepted extensive combat training, petitioner did not seek a discharge until war zone duty was imminent. An applicant's timing in filing for discharge has often been seen to cast doubt on his sincerity. *See* Rothfuss v. Resor, *supra;* United States v. Henderson, *supra.*

The reports of petitioner's commanding and hearing officers emphasized that only after he obtained extensive military assistance or financial education and training did he elect to file for conscientious objector status. The officers further indicated that they were convinced more of his sincerity in desiring discharge from the Army than the genuineness of his pacifist inclinations. While in July, 1970, DeWalt qualified as an expert with both the M–16 rifle and the .38 caliber pistol, he sought to be excused on conscientious grounds from weapons qualification less than a year later, after his application for discharge.

Moreover, nowhere in the record does petitioner suggest the manner in which his studies or reading directed his decision to apply for discharge. He admits that none of his religious training prior to military experience taught that all wars are immoral. *See* Cohen v. Laird, 439 F.2d 866 (4th Cir. 1971); Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969).

We conclude, consequently, that the Army's denial of petitioner's request was supported by fact.

Affirmed.