David Scott WIGGINS, Plaintiff,

v.

SECRETARY OF the
ARMY, Defendant.

Civ. No. W–90–CA–304.

United States District Court,
W.D. Texas,
Waco Division.

Nov. 30, 1990.

Richard Prinz, Houston, Tex., for plaintiff.

Mollie Crosby, Asst. U.S. Atty., Austin, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this day to consider Plaintiff's Motion for Preliminary Injunction.

### I. Background

The Plaintiff, David Scott Wiggins, is currently a captain in the United States Army serving at Fort Hood, Texas. He is a 1984 West Point graduate who went on to medical school in New York at the government's expense and completed his internship at Walter Reed Army Medical Center. Plaintiff graduated as a doctor in 1988 and has been at Fort Hood since 1989. Thus, Plaintiff has received nine (9) years of education at taxpayer expense. Plaintiff filed his application for discharge as a conscientious objector (CO) on February 27, 1990. The investigating officer assigned to Plaintiff's case recommended that CO status be granted. This was based upon interviews, statements from the chaplain and psychiatrist, and letters from the Plaintiff's friends reassuring his sincerity. Plaintiff's commanding officers recommended disap-

proval. The Conscientious Objector Review Board (CORB) denied the Plaintiff's application. Plaintiff filed this suit on October 5, 1990. Plaintiff now seeks a preliminary injunction that will relieve him from active duty pending the final resolution of this case. The Court has been informed that the Plaintiff will be sent to Saudi Arabia as soon as December 1, 1990.

## II. Preliminary Injunction

The four prerequisites for the relief of a preliminary injunction are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) the threatened injury to plaintiff must outweigh the threatened harm the injunction may do to defendant, and (4) granting the preliminary injunction will not disserve the public interest. *See Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). The burden of persuasion on the four requirements for a preliminary injunction is at all times upon the plaintiff. *See Canal*, 489 F.2d at 573; *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir.1981). A preliminary injunction is an extraordinary and drastic remedy which will not be granted unless the movant clearly carries the burden of persuasion. *Id.*

## III. Discussion

■ To prevail on the merits, the Plaintiff must show that he is opposed to war due to sincerely held moral, ethical, or religious beliefs. *See Gillette v. United States*, 401 U.S. 437, 443, 91 S.Ct. 828, 832, 28 L.Ed.2d 168 (1971); *Welsh v. United States*, 398 U.S. 333, 339, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970); *Witmer v. United States*, 348 U.S. 375, 381–82, 75 S.Ct. 392, 395–96, 99 L.Ed. 428 (1955). The Court's review of the Plaintiff's claim is limited to the record relied upon by the CORB. *See Cox v. United States*, 332 U.S. 442, 454, 68 S.Ct. 115, 120, 92 L.Ed. 59 (1947); *see also Armstrong v. Laird*, 456 F.2d 521, 522 (1st Cir.1972). The Army must have had a basis in fact for its denial. *See United States v. Henderson*, 411 F.2d 224, 226 (5th Cir.1969), *cert. denied*, 399 U.S. 916, 90 S.Ct. 2204, 26 L.Ed.2d 574 (1970). This standard of review is one of the narrowest in the law. *See Dewalt v. Commanding Officer*, 476 F.2d 440, 442 (5th Cir.1973). Furthermore, the Court is hesitant from the start when reviewing military decisions. *See Pitcher v. Laird*, 421 F.2d 1272, 1278 (5th Cir.1970); *see also Jacobs v. Stetson*, 450 F.Supp. 568, 571–72 (N.D.Tex.1978). Discharge from the Army as a CO is a privilege, not a constitutional right. *See In re Summers*, 325 U.S. 561, 571–73, 65 S.Ct. 1307, 1313–14, 89 L.Ed. 1795 (1945). In light of the foregoing, the Court will now examine the CORB's determination.

■ Plaintiff states both in his personal information sheet and personal statement that he is opposed to war. The CORB's decision acknowledges this. Admittedly, his opposition is not religious. It is the sincerity of the Plaintiff's opposition and the basis for that opposition that concerned the CORB and now concerns the Court. "Sincerely", under these circumstances, means that the CO's feeling toward war is held as strongly as a traditional religious belief. *See Welsh v. United States*, 398 U.S. 333, 339, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970). Any fact casting doubt on the Plaintiff's sincerity is relevant. *See Henderson*, 411 F.2d at 227. The basis for Plaintiff's position must be a religious or deeply held moral or ethical belief. Political, philosophical, or sociological beliefs are of no consequence. The CORB's opinion states that the Plaintiff "does not provide a moral substantiation" of his belief that war is immoral and futile. Further, the CORB found that Plaintiff's belief was political and philosophical, not moral or ethical. The CORB came to this conclusion because of the Plaintiff's character references and his determination that history and the current world situation had formed his belief.

The timing of the Plaintiff's application is a factor to be considered. *See Henderson*, 411 F.2d at 227. Plaintiff did not file his application until after the military's Operation "Just Cause" in Panama. This suit was not filed until after Operation "Desert Shield" arose. Furthermore,

Plaintiff waited until he had a medical degree and medical training to make his beliefs known. *See DeWalt*, 476 F.2d at 442. Both parties have referred to letters written on behalf of the Plaintiff. Not one of the individuals responsible for these letters appears to have previously known of the Plaintiff's feelings regarding war; at least, not until he filed for CO status. Considering that timing is important, it is difficult to classify Plaintiff's belief as one on the same level as a religious belief.

The Plaintiff's personal statement addresses his first thoughts on authority and how they changed at West Point with his introduction to "power." According to the Plaintiff, persons gain authority and abuse their power by convincing others of an outside threat, imagined or not, and the need to use force to repel it. For example, Adolph Hitler rose to power due to the threat or harsh realities of the Treaty of Versailles. Vladimir Lenin came to power due to the threat of czarist Russia. When a threat is perceived, abuses of power and death are certain to follow. Military intervention by the United States or anyone else will only be perceived by another country as a threat to that country's freedom. Therefore, only non-violence can achieve the necessary changes. He cites the changes in Eastern Europe as evidence. Such is the content of the Plaintiff's personal statement. The CORB found this, and statements made in reference letters, to be both political and philosophical, not moral.

As stated, the Court is limited in this case to determining whether the Army (CORB) had a basis in fact for its decision. Since such a decision always is ultimately a subjective decision, this Court must, then, determine from the administrative record whether there were any objective facts which could have formed a basis for the denial.

The difficulty is that many times cases of this nature involve determinations by the CORB as to the Plaintiff's sincerity, i.e. whether his stated beliefs are merely excuses for avoiding combat, which may be belied by the timing of the decision or the lack of past revelations to friends and associates. In this case, Plaintiff's sincerity, in the sense the term is generally accepted, is not so much questioned; the question seems to be whether his sincere beliefs are as deep-seated as they would be were they religious-oriented.

The ultimate question in this case can thus be stated in this manner: Is there a basis in fact for the CORB's decision that Wiggins did not meet his burden of establishing that his beliefs were not "essentially political, sociological, or philosophical" or "merely [a] personal moral code."

Wiggins' personal statement submitted with his application for CO status is revealing of his feelings, although not as articulate as one might expect considering his educational achievements. Wiggins learned at West Point that some in positions of authority use their authority poorly and even corruptly. He came to believe that non-violent protest was a better method of solving world problems than military intervention. The tone of Wiggins' personal statement is not that which would equate with a religious dogma; it is the tone of an attempt at a philosophical treatise.

The facts the Court determine justify the CORB's subjective decision are:

1) the tone and content of Wiggins' personal statement,

2) that Wiggins came to his decision after reaping substantial benefits from the taxpayers, and after the "Just Cause" operation in Panama necessarily brought home the dangers associated with attachment to a combat unit, even for a physician, and

3) that his asserted beliefs had not been revealed to his friends and associates, through acts, words or attitude, until he applied for CO status.

Were this Court in a position of making a *de novo* determination, the decision might well be different. But in considering this appeal from a military decision, the standard for which is "one of the narrowest known to the law," (*see Dewalt*, 476 F.2d at 442) this Court finds the Army's denial of CO status did have a basis in fact. Plaintiff has not, therefore, established a likeli-

hood of success on the merits under the facts of this case.

Assuming Plaintiff has shown a likelihood of success under *Welsh* and *Goodrich,* the Court believes no irreparable harm has been demonstrated. *See Welsh v. United States,* 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); *Goodrich v. Marsh,* 659 F.Supp. 855 (W.D.Ky.1987). The Plaintiff states that he faces arrest and possible imprisonment, if he stands by his belief, for becoming absent without leave. However, as the Defendant points out, this harm is within the Plaintiff's control and the exercise of that control should not prejudice the Defendant. *See Cole v. Spear,* 747 F.2d 217, 221 & 228 (4th Cir. 1984). Next, Plaintiff claims his reputation would be harmed if he did not become absent without leave in the face of continued active duty. Considering that this case is at the preliminary injunction stage, the Court fails to see how such a situation would be irreparable. Furthermore, while granting Plaintiff's relief might sooth his alleged conscience, it would present the military with a personnel shortage. It would also seriously question the military's ability to conduct its own affairs. *See Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 539–40, 97 L.Ed. 842 (1953). Accordingly, it is

ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.