IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50200
Summary Calendar
_____

DENNIS LIPTON,

                                        Petitioner-Appellant,

versus

F. WHITTEN PETERS, Acting Secretary of the U.S.. Air Force;
MARGIE L. HUMPHREY, Colonel, Commander, HQARPC,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-235-EP
--------------------
November 30, 2000

Before GARWOOD, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Dennis Lipton appeals following the district court's denial
of his 28 U.S.C. § 2241 habeas petition challenging the Air
Force's denial of his discharge application based upon him being
a conscientious objector.  Lipton argues that, although the
Secretary of the Air Force concluded that the primary reason for
the application was Lipton's disappointment over not obtaining a
residency in pathology as he had requested, the Secretary did not
determine whether Lipton's application was also substantially

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

motivated by his opposition-to-participation-in-war beliefs.
Lipton also argues that, if the Secretary's decision found that
Lipton's conscientious-objection beliefs were not sincere, there
was no basis in fact supporting that finding.

Our review of the Air Force's denial of a conscientious-
objector discharge is extremely narrow. DeWalt v. Commanding
Officer, Fort Benning, GA., 476 F.2d 440, 442 (5th Cir. 1973).
Such a denial must be sustained if this court can discern any
basis in fact for it. Silverthorne v. Laird, 460 F.2d 1175, 1179
(5th Cir. 1972).

Our review of the Secretary's decision reveals that the
Secretary determined that Lipton's professed objection-to-
participation-in-war beliefs were not sincere. Lipton's argument
that the Secretary failed to determine whether Lipton's discharge
application was substantially motivated by qualified beliefs and
his attempt to apply the holding in Pitcher v. Laird, 421 F.2d
1272, 1278-80 (1978), to his case are without merit. A review of
the record reveals that there is a basis in fact supporting the
Secretary's determination that Lipton's professed beliefs were
not sincere. See Hopkins v. Schlesinger, 515 F.2d 1224, 1228
(5th Cir. 1975); Silverthorne v. Laird, 460 F.2d 1175, 1179 (5th
Cir. 1972). The dismissal of Lipton's § 2241 petition is
AFFIRMED.