**James Leslie WILLIAMS**

v.

**UNITED STATES of America.**
No. 14864.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1954.

Rehearing Denied Nov. 24, 1954.

James Leslie Williams, in pro. per. Rossville, Ga., James H. Bradford, Birmingham, Ala., for appellant.

Frank M. Johnson, Jr., U. S. Atty., M. L. Gwaltney, Birmingham, Ala., Fred S. Weaver, Asst. U. S. Attys., Double Springs, Ala., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

This case and the case of Tamblyn v. United States of America, 5 Cir., 216 F.2d 345, both charged violation of Section 12 of the Selective Service Act of 1948, as amended, Section 462 of Title 50, Appendix, United States Code Annotated, and were tried in the district court on the same day. Much that is said in our opinion in the Tamblyn case is applicable here and will not be repeated. The appellant was found guilty of willfully refusing to submit to induction and received a two year sentence. His defense was that he was exempt as a conscientious objector under Section 6(j) of the Act, Section 456(j) of Title 50, Appendix, United States Code Annotated.[1]

The Supreme Court has simplified the duty of courts in cases of this kind. "The task of the courts in cases such as this is to search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities." Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157. The District Court stated that it found such evidence, but failed to state what it was. After a diligent search, we have found none.

The Seventh Circuit and the Ninth Circuit have held that a distinction must be drawn between a claim of ministerial status and a claim of conscientious objector, because the one is and the other is not susceptible of objective proof. United States v. Simmons, 7 Cir., 213 F.2d 901, 904; White v. United States, 9 Cir., 215 F.2d 782. The Supreme Court granted certiorari to review the Simmons case, 75 S.Ct. 59. Whether that distinction is ultimately sustained or not, we think that it is not applicable here. The local board did not indicate, as it might have done, that it did not believe the registrant or that it doubted his sincerity. See United States v. Alvies, D.C.N.D.Cal., 112 F.Supp. 618, 624. On the contrary the Hearing Officer said:

> "The scripture cited by the registrant and by his father as to what he was taught is simply the scripture taught in every church against murder, theft and other sinful things. He is no doubt sincere in his belief in these things, but they are entirely aside from any faith or belief in participation in carnal warfare."

It is not necessary to sustain the claim of a conscientious objector that his belief be based on scripture not contained in

---

1. "§ 456. *Deferments and exemptions from training and service*

 \* \* \* \* \* \*

"(j) Nothing contained in this title (sections 451–454 and 455–471 of this Appendix) shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code. \* \* \*"

the Bible. Rarely, if ever, is that so. The registrant may have his own construction and meaning for the scriptures and is not bound by that of the hearing officer or of the courts. That goes to the essence of religious liberty.

When the defendant testifying in his own behalf was expounding his religious belief with unusual fervor and conviction, he was interrupted by the District Attorney:

"Mr. Gwaltney: May it please the Court—

"The Court: Was this referred to in your record there?

"Mr. Gwaltney: I am in an embarrassing position.

The Government has never questioned this man's sincerity as far as his religion is concerned, not the first bit, but that is not the issue in this case, may it please the Court. In order to protect the Government, I will have to object."

■■ The issue of defendant's sincerity may not have been for the jury, but it certainly was an issue for the local board, and for the Court upon a review of the record. See Cox v. United States, 332 U.S. 442, 453, 68 S.Ct. 115, 92 L.Ed. 59. Dickinson v. United States, supra, 346 U.S. at page 396, 74 S.Ct. at page 157. If there was no evidence before the board to refute the defendant's professed belief and if that belief was sincere on his part, then under the Act of Congress, he was exempt from training and service. As stated, we have found no such evidence in the record. A thorough reading of the record casts no doubt upon the defendant's sincerity. Congress in its wisdom considered it more essential to respect a man's religious belief than to force him to serve in the armed forces. The draft boards and the Courts are bound to carry out that policy. The judgment is, therefore, reversed with directions to enter a judgment of acquittal. See 28 U.S.C.A. § 2106; Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335.

Reversed with directions.