**UNITED STATES of America**

v.

**Ignacio ALVARADO.**

**Crim. No. 68–B–459.**

United States District Court
S. D. Texas,
Brownsville Division.

Feb. 20, 1969.

This is the typical case of a young man who is a member of the Jehovah's Witnesses, and claims his entire love and obedience belongs to God, and refuses to be inducted into the Armed Services because he asserts that war is contrary to God's will.

This young defendant sought, first, a conscientious objector exemption, and subsequently a ministerial one.

Both the local and appeal boards refused such a classification.

This Court had the following narrow issues before it:

(1) Was there a lack of basic procedural fairness?
   or
(2) Was there no basis in fact for the classification?

Parrott v. United States, 370 F.2d 388, cert. den., Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625.

■ The scope of review from classification for Selective Service is the narrowest known to the law. 50 U.S.C. App. § 456(j); Clay v. United States, 397 F.2d 901 (5 Cir. 1968).

Having established our reference point for any Selective Service case, let us look at the particular facts of this one.

On January 21, 1963, Defendant registered for the Selective Service.

In March, 1964, he was classified I–A, and remained so classified except for a brief II–S classification.

In July, 1965, Defendant was ordered to take his physical. He did so and was judged acceptable for service.

Approximately a month later he was ordered to report for induction.

A few days later, Defendant requested, for the *first time*, a SSS Form No. 150 (the conscientious objector form). The form was filled out and returned to the local board.

The Defendant then failed to report for induction.

The local board, after consulting with State headquarters, re-opened Defend-

Morton L. Susman, U. S. Atty., and Carl Walker, Jr., Asst. U. S. Atty., Houston, Tex., for the Government.

Carter, Stiernberg, Skaggs & Koppel, Gordon L. Briscoe, Harlingen, Tex., for defendant.

## MEMORANDUM AND ORDER

GARZA, District Judge.

This is a Selective Service case. The Defendant failed to report for induction into the Armed Forces of the United States. Defendant was indicted for this failure, and was tried before the Court.

ant's classification, and unanimously re-classified Defendant I–A.

Defendant was informed of his classification and of his right to appeal via an SSS Form 110 and a letter.

Later, in October 1965, Defendant wrote a letter to his local board, requesting to appeal his classification, and demanded a 4–D ordained minister classification.

In November, 1965, the appeal board reviewed Defendant's file and made no changes, and turned the case over to the Department of Justice.

Almost two years later, in August, 1967, Defendant appeared before a special hearing examiner appointed pursuant to 50 U.S.C. App. § 456(j).

The hearing officer recommended that Defendant be given his I–O classification.

The Department of Justice, however, did not agree, and recommended to the appeal board that the exemption be denied.

On December 13, 1967, the appeal board, without dissent, refused the exemption and notified defendant of his I–A classification.

In January, 1968, Defendant wrote the local board, requesting a 4–D ministerial exemption.

The local board, in March, 1968, refused to re-open the Defendant's file. Defendant was notified by letter pursuant to 32 C.F.R. 1625.4.

Four days later, Defendant was ordered to report for induction.

Defendant failed to report, was indicted, and was tried before the Court.

■ The question of a ministerial exemption is totally without merit and was abandoned by the Defendant himself at the time of trial.

The I–O conscientious objector exemption does merit discussion, however.

This Court was and is concerned that Defendant never had a hearing before the local board.

In claiming an exemption as a conscientious objector, the main criteria is the sincerity of the registrant. The best way to test the sincerity is to have a personal appearance before the local board.

The only person who saw and heard this Defendant was convinced of his sincerity and recommended an I–O classification.

If Defendant had appeared before the local board, he might have been classified I–O.

However, the burden was on the Defendant to request a personal appearance, and he failed to do so.

The Selective Service informs the registrant of his rights by sending him a SSS Form No. 110. The Selective Service fulfilled this statutory obligation to the Defendant, as required by law, in all respects.

Each registrant must then present his case in the manner he desires, but he must clearly establish his right to the exemption. The board has no positive duty to ascertain if the registrant qualifies for the exemption. Clay v. United States, *supra.*

The local board then takes the presentation and makes its ruling based upon the evidence the registrant has submitted.

Both the local and appeal boards denied the I–O classification, probably based upon the lateness of its assertion and its proximity to the date of induction.

■ This Court cannot overturn a classification unless it has no basis in fact.

■ The lateness of a request and its proximity to induction date are factors considered in determining sincerity and good faith. Salamy v. United States, 379 F.2d 838 (10 Cir.)

■ This Court cannot say that there was no basis in fact for the classification.

This Court finds the Defendant, Ignacio Alvarado, guilty as charged in the indictment.

The Defendant will present himself for sentencing on the 3rd day of March, 1969, at 9:30 a. m. The Probation Officer will make a pre-sentence investigation.