**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dalton Earl WEAVER, Defendant-
Appellant.**

**No. 24448.**

United States Court of Appeals,
Ninth Circuit.

Feb. 9, 1970.

Lloyd E. McMurray (argued), San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U. S. Atty., Jerrold M. Ladar, David P. Ban-

---

croft, Asst. U. S. Attys., Cecil F. Poole, U. S. Atty., San Francico, Cal., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and PENCE *, District Judge.

PER CURIAM:

Appellant Weaver was convicted of refusing to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462. We affirm.

 Weaver's contention that the order to report for induction was invalid because it was issued by the clerk of his Local Board rather than by the Local Board itself has already been decided to the contrary by this court:

> " * * * where, as here, the registrant's local board has met and placed him in Class I–A, the board need not hold a post-call meeting to accomplish the ministerial task of ordering the registrant to report for induction." Rusk v. United States, 419 F.2d 133 (9 Cir. Nov. 28, 1969).

See also, United States v. Baker, 416 F.2d 202 (9 Cir. Sept. 17, 1969) ; United States v. Doran, 418 F.2d 1226 (9 Cir. Nov. 10, 1969).

Weaver next contends that he was improperly denied classification as a conscientious objector. The burden of showing that he is entitled to that classification is, of course, upon him. Salamy v. United States, 379 F.2d 838, 842 (10 Cir. 1967). In his claim, Weaver did but acknowledge the existence of a supreme being and stated that he is opposed to killing fellow human beings. He offered nothing to indicate that his opposition to violence was related to his belief in a supreme being or was founded on beliefs qualifying under the *Seeger* standard. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). He therefore failed to make out a prima facie case for conscientious objector status. Moreover, the sincerity of appellant's beliefs were in question. One

month previous to filing his request for classification as a conscientious objector, Weaver told his Local Board that he was going to join the United States Air Force. The close proximity of these two events forms a basis in fact for the Local Board's decision to deny the appellant's request. Parrott v. United States, 370 F.2d 388 (9 Cir. 1966) ; Bishop v. United States, 412 F.2d 1064 (9 Cir. 1969).

The Local Board did not disclose its reasons for denying appellant's request, but this is unnecessary when no prima facie case is presented. In United States v. Haughton, 413 F.2d 736 (9 Cir. 1969), we held that the defendant had made out a prima facie case of conscientious objection and we reversed because we could not tell whether the Board mistakenly thought that he had not, or whether they disbelieved him. Here Weaver did not make out a prima facie case.

---

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.