**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fernando GARCIA CORDERO,**
**Defendant-Appellant.**

No. 24713.

United States Court of Appeals,
Ninth Circuit.

March 26, 1971.

Ralph J. Steinberg (argued), of Berns & Steinberg, San Jose, Cal., for appellant.

John Milano (argued), Asst. U. S. Atty., James L. Browning, U. S. Atty., Jerrold M. Ladar, Chief, Crim. Div., Michael Metzger, Ass't U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing induction into the armed forces. 50 U. S.C. App. § 462(a). He contends that there was no basis in fact for the denial of his requested I–O classification as a conscientious objector.

Appellant argues that the allegations in his form 150 placed him "prima facie within the statutory exemption" and that because neither the local board nor the appeal board gave any reason for the rejection of his claim his conviction must be reversed. United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).

The government argues that the appellant did not present a prima facie claim because his Selective Service file reflected several incidents prior to the filing of his form 150 that were inconsistent with his stated beliefs.

Appellant made a prima facie showing of conscientious objection in his form 150—the beliefs he then professed would have entitled him to an I–O classification. Of course the board might have determined, based upon appellant's prior statements or actions, that he did not sincerely hold those beliefs. Yet because we do not know whether appellant's claim was denied on the ground that his previous activities evidenced insincerity or on the ground that, even if true, his beliefs did not render him a conscientious objector, his case falls squarely under *Haughton*. See United States v. Coffey, 429 F.2d 401, 405 (9th Cir. 1970).

Reversed.