**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy Dennis McKENZIE, Defendant-
Appellant.**

**No. 71-2780.**

United States Court of Appeals,
Ninth Circuit.

April 10, 1972.

Ezra Hendon, (argued) Berkeley, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty., (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.[*]

**PER CURIAM:**

Appellant was convicted of refusal to submit to induction into the armed forces, a violation of 50 U.S.C.App. § 462. He challenges his final I-A classification given by the local board after he had ceased to qualify for the II-S student deferment he had theretofore enjoyed. An unsuccessful appeal from this classification was taken by appellant.

Three years earlier he had filed a claim for a I-O (conscientious objector) classification which was rejected by the local board. Instead of taking an appeal at that time, he sought and was granted his II-S deferment.[1] Appellant's selective service file does not indicate whether, on expiration of his deferment, his earlier I-O claim had been reconsidered by the local board (he did not request reconsideration). Nor does the file disclose whether the appeal board considered his earlier claim or, if it did, the grounds on which it was rejected.

It appears, however, that prior to classifying appellant I-A the local board was notified that appellant had applied for a naval commission. Pending appeal, and prior to further review by the local

---

[*] The Honorable Fred M. Taylor, U. S. District Judge for the District of Idaho, sitting by designation.

1. Appellant's selective service file contains a notation that appellant stated—at a personal appearance before the local board following rejection of the I-O claim— that he had "changed his mind" about asking for the I-O classification. Appellant argues that this cannot demonstrate a waiver of his I-O claim, because then-effective Local Board Memorandum 41 required that such a waiver be in writing. We assume, without deciding, that appellant is correct.

board, his file showed that he also sought air force enlistment. The only rational conclusion to be drawn from appellant's enlistment efforts is that the views earlier expressed in his I-O claim no longer were entertained. Before both the local board and the appeal board, then, no prima facie case for I-O was provided by the file and there was no need for either board expressly to deal with the three-year-old claim. *Compare* United States v. Mount, 438 F.2d 1072 (9th Cir. 1970); United States v. Weaver, 423 F. 2d 1126 (9th Cir. 1970).

Judgment affirmed.