Clifford August **THOMPSON**, **Jr.**,
Defendant-Appellant.

v.

**UNITED STATES of America**,
Plaintiff-Respondent.

No. 71–2939.

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1973.

William L. Hanson (argued), Seattle, Wash., for defendant-appellant.

Charles F. Mansfield, Asst. U. S. Atty. (argued), Thomas P. Giere, Susan Barnes, Asst. U. S. Attys., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-respondent.

Before TRASK and DUNIWAY, Circuit Judges, and BATTIN,* District Judge.

* Honorable James F. Pattin, United States District Judge, District of Montana, sitting by designation.

BATTIN, District Judge:

Thompson appeals the lower court's finding that he violated the Military Selective Service Act of 1967[1] by failing to accept induction into the Armed Forces of the United States. Thompson contends that he was improperly denied a conscientious objector classification by his local board and therefore that his conviction should be reversed. Three interdependent questions are presented on appeal: (1) Whether the appellant raised the defense of improper denial of conscientious objector status; (2) if so, whether he presented a *prima facie* case for that classification to his local board; and (3), if so, whether the local board had a basis in fact for its denial of the classification.

The court finds that, although appellant properly raised the defense and in fact presented a *prima facie* case for conscientious objector classification, the local board had a basis in fact for denying the classification, and thus affirms Thompson's conviction.

Thompson registered with the Selective Service early in 1966. He did not then claim to be a conscientious objector. Through August 20, 1970, he was typically classified by the System as "II–S"—a deferred student. On August 13, 1970, one week before the expiration of his II–S deferment, Thompson took the first step in applying for Conscientious Objector status by requesting a Form 150. The form was returned on September 15, 1970.

On September 23, 1970, the local board granted a courtesy interview with Thompson, after which they denied him conscientious objector status on the ground that his

". . . position of conscientious objector is very recently arrived at, and we conclude that his beliefs are not deeply held, but merely express a desire to avoid military service."[2]

■■ The first question denominated presents no obstacle to decision. The defense was raised in appellant's motion to dismiss the indictment and runs true through the trial. Having exhausted his administrative remedies, the appellant could and did properly raise the defense of improper denial of conscientious objector status.[3] That defense, if established, precludes conviction under the section Thompson is charged with violating.[4]

■ Appellate examination of the failure of the defense of improper denial of a draft classification is often said to involve the narrowest of reviews. We must examine the record properly before the local board to determine whether rejection of the registrant's claim was justified. Such rejection can be validly based upon either of two criteria: that the registrant failed to present a *prima facie* case for the classification or that there existed a "basis in fact" which allowed the board to disbelieve the claim of the registrant. Whether a *prima facie* case was established, and, alternatively, whether there was a basis in fact for its rejection, are questions of law.[5] If a *prima facie* case is established, the board, to legally deny the classification, must state a "basis in fact", which is discernable from the records and information properly before it.[6]

---

1. 50 U.S.C.App. § 451 et seq.

2. Appellant's selective service file [admitted into evidence at the trial], noted as Government's Exhibit "One", at page 94. This page is a copy of the record by the board of the courtesy interview conducted September 23, 1970. [Hereinafter cited as "E.1".]

3. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).

4. *McGee, supra* note 3; McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L. Ed.2d 194 (1969); Salamy v. United States, 379 F.2d 838 (10th Cir. 1967); Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

5. United States v. Haughton, 413 F.2d 736 (9th Cir. 1969); Kessler v. United States, 406 F.2d 151 (5th Cir. 1969), respectively.

6. *Witmer, supra* note 4.

In this regard, a *prima facie* case is one which paints the applicant as a person whose convictions, based upon religious training and belief, including all sincere religious beliefs, substantially rests upon a belief in a Power or Being or a faith to which all is subordinate or upon which all else is totally dependent and which requires him to oppose war in all forms.[7] These convictions can be "spurred by deeply held moral, ethical, or religious beliefs, . . ." but may not be political, sociological or philosophical, and they need not be "religious" in an orthodox or parochial sense.[8] If the applicant depicts himself to the local board as having the requisite beliefs, he is entitled to the classification unless there exists some basis in fact upon the strength of which the board denies the classification.

Examination of Thompson's file leads us to conclude that he was properly denied conscientious objector status. The local board concluded that the registrant was not sincere in his beliefs[9] and the court below agreed with that conclusion.[10] That conclusion presupposes that the beliefs proffered by Thompson *prima facie* qualify him for the statutory exemption. In view of the course we follow, we will accept, *arguendo*, the board's conclusion without further examination.

That leaves for determination the question of whether a basis in fact can be gleaned from the record which was before the board and which justifies their rejection of Thompson's claim. Although this court is not to act as a "super draft board",[11] it is nonetheless our task "in cases such as this is to search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities."[12] There must be some affirmative evidence properly before the board which substantially blurs the picture the registrant has painted and thus casts doubt on his sincerity.[13] Although some circuits require the local board to briefly summarize those facts which result in a conclusion that the registrant is insincere, we have not yet required delineation of the bases of their conclusions.[14]

7. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

8. United States v. Welsh, 398 U.S. 333, 344, 90 S.Ct. 1792, 1798, 26 L.Ed.2d 308 (1970), *Seeger, supra* note 7 at 380 U.S. 165, 85 S.Ct. 850, 13 L.Ed.2d 733.

9. The conclusion of the board hereinbefore set out does not reject Thompson's claim as failing to bring him within the statutory criteria. The board's rejection presupposes that a *prima facie* case was established.

10. Transcript of proceedings, p. 68, line 15.

11. *Witmer, supra* note 4.

12. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132 (1953).

13. Batterton v. United States, 260 F.2d 233 (8th Cir. 1958).

14. There are circuits which require a written explanation of the basis in fact where exemption is denied on the grounds of sincerity:

"It would . . . appear to be desirable practice that the board, if it is denying the status claimed because of its belief in the lack of sincerity in the applicant, should state that fact and at least briefly summarize in the record those facts, whether they be inconsistencies in action or written statements, shifty or evasive demeanor, appearance of unreliability, lateness of claim or any other factors reasonably causing the board to reach its conclusion." United States ex rel. Hemes v. McNulty, 432 F.2d 1182, 1187 (7th Cir. 1970); United States v. Rutherford, 437 F.2d 182, 184 (8th Cir. 1971); Rothfuss v. Resor, 443 F.2d 554, 559, f.n. 8 (5th Cir. 1971); United States v. Stetter, 445 F.2d 472, 482 (5th Cir. 1971); United States v. Andrews, 446 F.2d 1086, 1087 (10th Cir. 1971).

We cannot help but endorse that plan for, while it may require board members to express comment on the character of the sons of their neighbors, it is not particularly burdensome to the board and alleviates the doubts which an appellate or district court feels upon an examination of an otherwise blank record. Such doubts lead to extenuated litigation and preclude meaningful review, for, as was held in Sicurella v. United States, 348

The local board here has satisfied the requirements we established in *Haughton* [15] and followed in *Cordero* [16] regarding the cause of rejection.

Our very narrow role here is to determine whether the board could infer insincerity from the evidence before it. ". . . [T]he board's action is entitled to the support of any inference of sham or insincerity on the part of the registrant . . ." from which the conclusion could be drawn.[17]

> "The 'basis in fact' which will support the board's decision means more than suspicion and speculation, *Dickinson v. United States*, 346 U.S. 389, 74 S. Ct. 152, 98 L.Ed. 132 (1953), but it need not rise to the level of substantial evidence. *Maynard v. United States*, 409 F.2d 505, 506 (9th Cir. 1969). All that is required, where the registrant has made out a prima facie case for exemption, is that 'there be some proof that is incompatible with the registrant's proof of exemption.' [Citations omitted.]" [18]

■ We find several indications of insincerity in the record upon which the board could have acted. The timing of the claim and certain inconsistencies in its assertion provide support for the inferences of insincerity drawn by the board. Acts or statements inconsistent with the claim can form a basis in fact for rejection of the claim.[19]

Moreover, both the local board and the trial court before whom Thompson appeared concluded that his claim was not sincerely asserted. Those conclusions weigh heavily here and undoubtedly rest on the inconsistency and untimeliness of the claimed beliefs.

■ The timing of the appellant's claim for exemption has been pointed to by the government as justifying the denial by the local board. The timing of the claim for exemption, although a factor which the board may consider, is not alone sufficient to justify a conclusion of insincerity.[20] Lateness is a factor, when considered with other relevant fac-

---

U.S. 385, 392, 75 S.Ct. 403, 99 L.Ed. 436 (1955), if the basis of the board's denial is not clear, then a court cannot act to affirm. See also *Haughton, supra* note 5.

Although we here have gone a step further by endorsing our sister circuit's suggestion that the record reflect the basis of a finding of insincerity, that does not dispose of this case. We do not request formal findings of fact, a notion already rejected in *United States v. Willson*, 452 F.2d 529, 532 (9th Cir. 1971), we merely suggest that local boards point out the circumstances leading to their conclusion regarding insincerity. This is not a new suggestion, *United States v. Mount*, 438 F.2d 1072 (9th Cir. 1970), and seems to be one which flows naturally from the holding in *Haughton, supra* note 5. We are unwilling to reverse the conviction in this case merely because we are forced to examine the whole record which was before the local board. Where, as here, there are recorded statements by the board of its conclusions regarding the sincerity of the registrant which are otherwise supportable on the record, the case is susceptible to decision. See *United States v. Kember*, 437 F.2d 534, 536 (9th Cir. 1971), cert. den., 402 U.S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662.

15. *United States v. Haughton*, 413 F.2d 736 (9th Cir. 1969).

16. *United States v. Cordero*, 439 F.2d 716 (9th Cir. 1971).

17. *United States v. Hayden*, 445 F.2d 1365, 1372 (9th Cir. 1971) (citations omitted).

18. *United States v. Kember*, 437 F.2d 534, 535, note 1 (9th Cir. 1970), cert. den., 402 U.S. 923, 91 S.Ct. 1392, 28 L.Ed.2d 662.

19. *Parrott v. United States*, 370 F.2d 388, 392 (9th Cir. 1960), cert. den., sub nom. *Lawrence v. United States*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967).

20. *United States v. Henderson*, 411 F.2d 224, 227 (5th Cir. 1969), cert. den., 399 U.S. 916, 90 S.Ct. 2204, 26 L.Ed.2d 574; *United States ex rel. Hemes, supra* note 14, 432 F.2d at 1187; *Salamy v. United States*, 379 F.2d 838, 841 (10th Cir. 1967); *Rothfuss, supra* note 14, 443 F.2d at 558. Although the Fifth Circuit in *Rothfuss*, at 558, seems to conclude that this court would find lateness of a claim to be conclusive on the question of sincerity, that is not how we read *Speer v. Hedrick*, 419 F.2d 804, 806 (9th Cir. 1969), and *Bishop v. United States*, 412 F.2d 1064, 1068 (9th Cir. 1969).

tors, which may justify a conclusion of insincerity.

Inconsistencies in the presentation of Thompson's claim also support the board's finding of insincerity. Here, while claiming "late crystalization", Thompson also professes to have been a conscientious objector all his life. The file reflects that three of his protagonists thought him a conscientious objector since high school days,[21] and, although those are not his comments, they are reinforcement of his statement that he had been a conscientious objector all of his life.[22] Having so long held these beliefs, Thompson waited until he was on the threshold of induction to express them to the local board. It is not that there was absent an opportunity to do so. He could have expressed them when he registered with the System in 1966. During the passage of more than four years between registering and asserting the claim, on numerous occasions Thompson corresponded with his local board concerning various matters. None of these letters indicated that he believed himself qualified for conscientious objector status. While we cannot and do not suppose he had a duty to so notify the board while he was classified II–S, several occasions passed during his sporadic educational endeavors when that classification was about to lapse and which presented him with an opportunity to assert to the board the beliefs which he argues qualify him for exemption and which he says he has held all of his life.

Doubt of Thompson's sincerity is not without foundation in either the timing of his claim nor in his statements to and before the local board. The inconsistency in and timing of his claim are more than sufficient to persuade the board and later the trier of fact that his beliefs were not sincere.

The arguments put forth by appellant concerning the conduct of the board are unavailing. Our review of the record fails to reflect that the procedures employed were in any manner irregular, arbitrary or capricious.

 After long and thoughtful deliberation of this case, we must agree with lower court that there is a basis in fact for the rejection of Thompson's claim and thus affirm his conviction.

DUNIWAY, Circuit Judge (dissenting):

I dissent. I am unable to distinguish this case from United States v. Andersen, 9 Cir., 1971, 447 F.2d 1063. I would reverse on the authority of that case.