UNITED STATES of America, Plaintiff-Appellee,

v.

Tony Allen BAUTISTA, Defendant-Appellant.

No. 73–2724.

United States Court of Appeals, Ninth Circuit.

June 6, 1974.

Carl E. Larson, Asst. Public Defender (argued), E. Richard Walker, Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Brewster O. Morgan, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

## OPINION

Before KOELSCH and SNEED, Circuit Judges, and LINDBERG,* District Judge.

PER CURIAM:

Tony Allen Bautista appeals from the judgment convicting him of the violation of 50 U.S.C. App. § 462—the knowing failure to comply with the local board's order to report for induction into the Armed Forces of the United States.

So far as need be noticed, these are the facts:

Bautista duly sought a conscientious objector classification (I–O). His application and supporting documents contained statements sufficient to constitute entitlement, prima facie, to such classification. The Local Board, how-

* The Honorable William J. Lindberg, United States District Judge for the West-ern District of Washington, sitting by designation.

ever, rejected his claim with the statement:

"Form 100 does not indicate registrant was a C.O.—registrant is an employee of State Government, which does not bear out his thoughts on C. O."

Bautista then appealed, but without success. The State Appeal Board, without giving any reason for its decision, likewise classified him 1–A.

Shortly afterward, upon being ordered to report for induction, Bautista refused. His file was then sent to State Headquarters for review preliminary to possible criminal prosecution. However, the Legal Division returned it to the Local Board, saying:

"We have carefully reviewed the file of this registrant, and we are of the opinion that it does not contain an adequate basis in fact for the local board's refusal to classify the registrant in Class I–O in accordance with his claim of conscientious objection. In view of this, it is requested under Sec. 1625.3 of the regulations that this registrant's classification be reopened and that he be classified anew."

The Local Board complied with this "request"; but without securing any additional information, again classified Bautista 1–A. It stated: "The Board is not satisfied that the registrant's conscience would continuously suffer from participation in the Armed Services. The registrant's beliefs appear to be based on policy and pragmatism."

Bautista did not again appeal; and when ordered to report anew, refused to do so.

At the ensuing trial, the district judge ruled that Bautista could not challenge the validity of the order to report because he, Bautista, had not sought administrative review of his 1–A classification by the Local Board. This was error.

■ The "reason" given initially by the Local Board for rejecting Bautista's C.O. claim was legally insufficient—indeed the government does not rely upon it in this appeal. Suffice it to say that there is no inconsistency in opposition to war and work for the State of California as a junior clerk on a printing machine.

■ The "reason" given by the Local Board following the reopening that Bautista's opposition to war was "based on policy and pragmatism" and not on deeply held "religious" beliefs which would cause his conscience continually to suffer, is the very language of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). However, as the Court there made clear, once a registrant makes a prima facie claim that his opposition to war rests upon religious principle, "it follows that his views cannot be [deemed] 'essentially political, sociological, or philosophical' " —that is, "based on policy and pragmatism." Before such a claim may be rejected, there must be something before the board to indicate that a registrant's views are not religious. Here there is not; the Board's determination lacks the requisite "basis in fact." From the record it appears that Bautista consistently asserted an objection to war because of a personal ethical belief in non-violence. That his beliefs also extend to what might be characterized as "sociological," "political," or "pragmatic" views concerning the efficacy of violence as a means of solving social problems is unimportant so long as he "deeply and sincerely holds beliefs that are purely ethical or moral in source and content but that nevertheless impose upon him a duty of conscience to refrain from participating in any war at any time . . . ." Welsh v. United States, *supra*, at p. 340.

■■ The Board did not deny the claim on the ground that Bautista's opposition to war was selective, nor did it find him insincere. However, the government now argues that we must examine the record to determine whether the denial can be supported for those unstated reasons. We disagree. Thompson v. United States, 474 F.2d 323 (9th Cir.

1973), the case relied upon by the government, stands for the limited proposition that the Board need not specify the factual support for the stated reason given in denying a claim and that we will search the record to determine whether such support is present. *See* 474 F.2d at 326 n. 14. However, unless we can ascertain with reasonable certainty an unstated reason for refusal of a claim, *see* United States v. Guaraldi, 468 F.2d 774, 777 (9th Cir. 1972), United States v. Kember, 437 F.2d 534, 536 (9th Cir. 1970), we cannot uphold a classification through a hypothetical inquiry into whether there was an alternative reason for the Board's decision. To indulge such a practice would improperly substitute our judgment for that of the Board in a matter committed by the statutory scheme to the Board: here the Board may well have concluded that the evidence which might tend to support a finding of insincerity or selective opposition to war was insufficient to deny a C.O. classification and may have denied that classification solely on the ground stated. United States v. Cate, 477 F.2d 536 (9th Cir. 1973); United States v. Cordero, 439 F.2d 716 (9th Cir. 1971). Moreover, the proposition urged by the government would effectively undermine the purpose served by the rule of United States v. Haughton, 413 F.2d 736 (9th Cir. 1969)—the facilitation of judicial review of the administrative decision.

■ Because there was no basis in fact for the denial of the I–O classification, Bautista is entitled to a reversal unless he is barred from asserting his defense because he failed to appeal from the 1–A classification entered by the Local Board following the reopening at the instance of State Headquarters.

The question thus is, do "the interests underlying the exhaustion rule clearly outweigh the severe burden imposed upon the registrant if he is denied judicial review"? McKart v. United States, 395 U.S. 185, 197, 89 S.Ct. 1657, 1664, 23 L.Ed.2d 194 (1969); United States v. Hodgins, 485 F.2d 549, 552 (9th Cir. 1973); *see* McGee v. United States, 402 U.S. 479, 484, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1970). "[D]iscrete analysis of the particular default" (McGee, *supra,* at 485) ascribed to Bautista mandates a negative answer to the question. This is not the case of a registrant who, by failing to appeal an initial classification, has prevented the administrative agency from developing facts necessary to determine the claim or from exercising its statutory discretion to determine the claim. Bautista did appeal; he did not request the subsequent reopening, nor did he provide additional information [1] which necessitated a reopening. The Board relied entirely on facts already before it. "To require the registrant to seek rehearing on all occasions when the opportunity fortuitously presents itself, in our view places an undue burden on him without any compensating administrative advantages." United States v. Hodgins, *supra,* at p. 552. Accord United States v. Holby, 477 F.2d 649 (2d Cir. 1973); United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971); Glover v. United States, 286 F.2d 84 (8th Cir. 1961).

Nor will our result, by excusing the appeal of others similarly situated—A group presumably small—seriously impair the normal functioning of the Selective Service System. The agency in those instances will likewise be afforded ample opportunity to develop a record and correct mistakes on the first appeal.

Nor will it encourage deliberate "bypassing" of administrative opportunities for seeking correction of a doubtful classification. Faced by the likelihood of criminal sanctions, few registrants will deliberately forego available administrative channels which offer a hope for relief. McKart v. United States, 395 U.S. 185, 200, 89 S.Ct. 1657, 23 L.Ed.2d 194

---

1. Bautista's letter, upon which the government relies, contains no new information. It simply reiterates statements contained in documents already in his file.

(1969); McGee v. United States, 402 U.S. 479, 485, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). Here, however, we believe that Bautista, having provided no additional information and relying upon the same claim previously rejected by the appeal board, could reasonably conclude that a repetitive appeal would be fruitless and was "amply justified . . . in feeling that nothing further could be accomplished by appellate procedure." Glover v. United States, *supra,* at p. 90.

The judgment is reversed, and the cause is remanded with directions to dismiss the indictment.