No. 73–6655. WINDSOR *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

The petitioner, convicted of failure to report for induction, 62 Stat. 622, 50 U. S. C. App. § 462 (a), challenges the induction order on the ground that he was improperly denied exemption from Selective Service as a conscientious objector. Petitioner completed high school under a student deferment in 1969. In January 1970, he was reclassified I–A and was ordered to report for a preinduction physical examination the following October. In January 1971, petitioner filed an application for reclassification as a conscientious objector. His local Selective Service board rejected this claim, advising petitioner by letter:

> "Your claim as a conscientious objector was considered by the Board on February 12, 1971, and in their opinion your professed belief in opposition to war is not a compelling or controlling force in your life, but is simply [an] expedient to avoid military service at this time and that you are not sincere in your professed belief."

Petitioner appealed to an appeal board, which affirmed without opinion the local board's denial of exemption.

The Court of Appeals, applying a rule announced in *United States* v. *Stetter,* 445 F. 2d 472 (CA5 1971), that when an applicant makes a prima facie case for exemption as a conscientious objector the board must give a statement of reasons for rejection of the application, construed the local board's letter to petitioner as a finding of insincerity of petitioner's asserted beliefs. The court then concluded that a finding of insincerity could be based upon the fact that petitioner waited for more than a year after his reclassification as I–A to file his application for exemption and did so only after passing

his preinduction physical examination. Accordingly, the court found that the board's "reason" had a basis in the record and affirmed petitioner's conviction.

Elsewhere I have expressed my view that an applicant for exemption as a conscientious objector is entitled, under the Due Process Clause of the Fifth Amendment, to a hearing before a local board on his claim. *Fein* v. *Selective Service System,* 405 U. S. 365, 382 (1972) (dissenting opinion). A statement of reasons accompanying a decision adverse to the applicant is no less a requirement of due process. Without a statement of reasons there is simply no way to ascertain whether the board has acted within its powers as prescribed by law.[1] See *Goldberg* v. *Kelly,* 397 U. S. 254, 271 (1970); *Joseph* v. *United States,* 405 U. S. 1006 (1972) (dissenting opinion). The only statement afforded petitioner is contained in the local board's February 1973 letter, a document insufficient in two respects to sustain the board's denial of exemption.

First, the board's statement that petitioner's belief "is not a compelling or controlling force in your life" gives little confidence that the board applied the correct legal standard for exemption under 62 Stat. 612, as amended, 50 U. S. C. App. § 456 (j). The statute authorizes exemption for any person "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." In *Clay* v. *United States,* 403 U. S. 698, 700 (1971), we said:

> "In order to qualify for classification as a conscientious objector, a registrant must satisfy three

---

[1] A statement of reasons accompanying an adverse decision by a local or appeal board is now required by the Military Selective Service Act, 85 Stat. 353, 50 U. S. C. App. § 471a (b) (4) (1970 ed., Supp. II), but this provision of the statute is inapplicable to petitioner's case because of its effective date.

> basic tests. He must show that he is conscientiously opposed to war in any form. *Gillette* v. *United States,* 401 U. S. 437. He must show that this opposition is based upon religious training and belief, as the term has been construed in our decisions. *United States* v. *Seeger,* 380 U. S. 163; *Welsh* v. *United States,* 398 U. S. 333. And he must show that this objection is sincere. *Witmer* v. *United States,* 348 U. S. 375. In applying these tests, the Selective Service System must be concerned with the registrant as an individual, not with its own interpretation of the dogma of the religious sect, if any, to which he may belong. *United States* v. *Seeger, supra; Gillette* v. *United States, supra; Williams* v. *United States,* 216 F. 2d 350, 352."

The board's cryptic "compelling and controlling force" language in this case may have reflected a conclusion that although petitioner met the three tests above he did not qualify for an exemption because his belief was not lifelong. Such a decision would have been entirely improper, since, assuming a sincere belief, the length of time petitioner had held it would be irrelevant. *Schuman* v. *United States,* 208 F. 2d 801 (CA9 1953); *Taylor* v. *Chafee,* 327 F. Supp. 1131 (CD Cal. 1971). Or the board might have concluded, equally erroneously, that petitioner did not qualify for exemption because his belief had not heretofore "compelled" him to express it in some organized activity.

To be sure, the board's decision might have been based on a wholly proper application of the legal standard. The difficulty is that we cannot tell from the "statement" the board has given. It is a "simple but fundamental rule of administrative law . . . [that if] the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with

such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action." *SEC* v. *Chenery Corp.,* 332 U. S. 194, 196–197 (1947). The Court of Appeals viewed the board's statement as a denial of the exemption because of insincerity. But the "compelling and controlling force" language appeared in addition to the statement that petitioner was not sincere, with no indication whether the former contributed to the rejection or served merely as a restatement of the latter ground. The board's decision cannot be sustained on the basis of the sincerity finding alone unless it is clear from the record that the board intended it to be a wholly independent ground of decision. Cf. *Sicurella* v. *United States,* 348 U. S. 385 (1955).

Even if the board's statement is viewed solely as a rejection of petitioner's application because of insincerity, it will not support the board's action because it contains no reasons but merely the board's conclusion. Applicants for exemption as conscientious objectors may be found insincere where the belief claimed is inconsistent with prior statements or conduct of the applicant, or where the applicant's demeanor in an appearance before the board deprives him of credibility. *Witmer* v. *United States,* 348 U. S. 375 (1955). Typically, reviewing courts have perused the record in order to discover evidence that would furnish a "basis in fact" for a denial of exemption because of insincerity. See, *e. g., United States* v. *Abbott,* 425 F. 2d 910 (CA8 1970); *United States* v. *Weaver,* 423 F. 2d 1126 (CA9 1970). It is time to demand more of the local board: a statement that identifies the evidence supporting the conclusion that the applicant is not sincere. A statement of such specificity is indispensable to assure that the board has reasoned from

the evidence.[2]   Such a statement will facilitate review; and requiring the familiarity with the record necessary to its preparation will enhance the decisionmaking process at the administrative level.   Without such a statement, a board may too easily shield inattentiveness or misapplication of the law from judicial review behind the screen of a conclusory finding of insincerity.[3]   This danger is especially real where, as here, the finding of insincerity is merely tacked onto other language that betrays possible confusion about the legal standard.

I would grant certiorari to consider the adequacy of the administrative action.

---

[2] Such a requirement, advocated by several commentators, see Note, Administrative Findings in Selective Service Litigation, 57 Va. L. Rev. 477, 485 (1971); Hansen, The Basis-in-Fact Test in Judicial Review of Selective Service Classifications: A Critical Analysis, 37 Brooklyn L. Rev. 453 (1971), has recently gained approval of two Courts of Appeals.   See United States v. Stetter, 445 F. 2d 472, 485 (CA5 1971); United States ex rel. Hemes v. McNulty, 432 F. 2d 1182, 1187 (CA7 1970).

[3] Instances of board members' lack of familiarity with all the facts relevant to a classification decision are, regrettably, amply documented.   See United States v. Thompson, 431 F. 2d 1265 (CA3 1970); United States v. Ford, 431 F. 2d 1310 (CA1 1970).   See also In Pursuit of Equity: Who Serves When Not All Serve?, Report of the National Advisory Commission on Selective Service 20–21 (1967).